*302 Opinion op the Court,
by Ch. J. Boyle.
THIS is a writ of error prosecuted by the plaintiff to a ju^gment f°r the defendant in an action of trespass, assault and battery and false imprisonment, in theGreenup circuit court.
The first question presented by the record, is, whether the plea of the defendant is sufficient, or not. The plea alleges, “that on the 29th of March 1821, at the* *303 ■circuit and county aforesaid, John Getthas, a justice of the peace, having competent jurisdiction for that purpose, did issue his certain precept, called a capias pro fine, directed to this defendant, as constable of Greenup county, he being then and there a constable as aforesaid, commanding him as in said precept set forth, which is hereby referred to, and will at large appear; and he avers that before the return day thereof, and while the same was in full force, he did execute the same upon plaintiff; he did use only so much force, and no more than was necessary to put into execution the commands of said precept; and this is the only, and the same assault and battery in the plaintiff’s declaration supposed, and no other, without this, that, &c. tl,is l.e b ready to verify.»
. , j,y the plea to the precpt, “ot , ÍÍTímrf* the plea, nor would profert of it have been proper.
Besides objections to the form only of this plea, and which cannot, under our laws, be taken advantage of, there is one to which it is liable, that is of a more material and substantial character, and that is, that the plea does not allege what the precept under which the defendand attempts to justify, commanded him to do. The precept is alleged by the plea to have been directed to the defendant as constable; but whether it commanded him to arrest and imprison the planintiff, or.not, does not appear from the plea. The necessity of such an allegation is apparent; for without it the court cannot determine that the precept would justify the defendant in doing that which he admits that he had done. This defect is not supplied by the name-of capias pro fine, by which the plea alleges the precept was called; for the defendant may have misnamed it, and whether he has or not, could only be told by alleging what it comoianded to be done. Nor is the defect supplied by the reference which the plea makes to the precept; for the precept could not be made thereby a part of the plea. If even profert had been made of the precept, it could not have become a part of the plea, nor would the plaintiff have been entitled to oyer of it; but there is no profert made of the precept, nor was the defendant bound to make profert of it; and certainly, if the precept could not be made a part of the plea by making profert of it, the general reference to it in the plea, without profert, cannot make it a part of the plea. The plea is, therefore, substantially defective, and the circuit court erred in not rejecting it.
*304 There are other points presented .by the record; but as they all arose, in the court below, out of the issue joined upon the plea which we have adjudged bad, it does not seem necessary that we should consider them.
There is error in the judgment of the court below, inasmuch as the plea of the defendant in that court is insufficient to bar the plaintiffs action.
Judgment reversed with costs, and the cause remanded for new proceedings not inconsistent herewith.