<div style="margin-left:2em">GRAY
*vs*
GRAY'S HEIRS.</div>

---

<div style="text-align:right">

# Gray *vs* Gray's Heirs.

</div>

CHANCERY.

*Case* 66.

<div style="text-align:center">ERROR TO THE TODD CIRCUIT.

*Fraud.   Presumption.   Evidence.*</div>

*December* 25.

CHIEF JUSTICE ROBERTSON delivered the Opinion of the Court—Judge Ewing did not sit in this case.

The case stated.

THE only question we shall consider in this case is, whether the plaintiff in error, who was complainant below, claiming under the junior grant founded on a survey, including nearly 1100 acres, made on a vague County Court certificate, prior to the year 1808, is entitled to a decree for a surrender of the possession and a relinquishment of the better legal title by the defendants, whose ancestor obtained the elder grant upon a removed certificate, surveyed in the year 1809, so as to interfere with the plaintiff's survey as made.

As the plaintiff's entry had neither sufficient specialty nor notoriety, he cannot be entitled to the relief sought by his bill, unless he can be sustained in his prayer by

an act of 1808, which provided that, "from and after the passage (thereof) no removed certificate shall be located on *any survey* made by virtue of any certificate heretofore granted."

In *Winn* vs *Davidson*, (5 *Monroe*, 162,) and *Underwood* vs *Crutcher*, (7 *J. J. Marshall*, 529,) this Court construed that provision as intended to have the effect of giving equitable superiority to a survey on a certificate granted prior to 1808, over a subsequent survey made since the enactment of that year, even though the first survey was on a vague location, or not conformable with the certificate. And on this principle alone the plaintiff in error now seeks a reversal of the decree dismissing his bill.

A survey on a certificate granted prior to 1808, is, by the enactment of that year, superior in equity to any survey made since that enactment, though the first be upon a vague location and not conformable with that certificate.

But the elder grant, not being void, carries with it not only the legal title but an intrinsic equity which results from it; and this compounded right, fortified by the actual possession, should not be divested by a questionable equity, and much less by one vitiated by fraud or invalidated by mistake.

The elder grant carries with it not only the legal title but an intrinsic equity, and this compounded right, accompanied with possession, should not be divested, by any questionable equity, much less by a title vitiated by fraud or invalidated by mistake.

According to a *dictum* in *Anderson* vs *Phillips*, (5 *Littell*, 302,) the survey for upwards of 1000 acres on a certificate for only 400 acres, should be adjudged, *per se*, fraudulent and void. If this be so, this case is decided. But admitting that such an excess may only be some evidence, *prima facie*, of fraud, or conclusive proof of gross mistake, the consequence in this case must be the same to the plaintiff in error, seeking relief in equity against the possession and legal title. There is nothing in the record which sufficiently, if at all, repels the inference of fraud on the Commonwealth in the making of the elder survey; and if there had been no fraud, the mistake is so obvious and essential as to deprive the plaintiff of all semblance of equity, unless he had shown, satisfactorily, that had there been no mistake, and had the survey contained only 400 acres or no extraordinary surplus, the parcel of about 170 acres, covered by the elder patent, would have been included. But this he has not shown. On the contrary it is rather presumable that this tract of 170 acres is a portion of the surplus, and would not have been embraced in the survey had there been neither fraud

A survey for upwards of 1000 acres, on a certificate for only 400, should, *prima facie*, be considered fraudulent.

nor mistake in making it.   Indeed it would be very diffi-
cult in any case, to establish with satisfactory certainty,
any such fact as that which might be necessary to sustain
the plaintiff's prayer for relief.

We are, therefore, of the opinion that the decree of the
Circuit Court be affirmed.

*Cates & Lindsey and Morehead & Reed* for plaintiff;
*Owsley* for defendants.

---

CHANCERY.

Case 67.

*December 25.*

The facts of the case.