## THE FARMERS' AND MILLERS' BANK OF MILWAUKEE VS. LUTHER and others.

Where an order of sale of real estate was made at a special term held under sec. 306 of the Code, in an  action pending in a different  county from that in which the term was held, a sale made *before* the order was certified to and filed and entered by the  clerk of the court in which the action was pending, was irregular and liable  to  be set  aside at the  instance of any party interested.

A person who takes a mortgage upon land *after* a judgment has been entered for the foreclosure of a prior mortgage on account of the non-payment of an instalment then due, and *before* the granting of a further order of sale upon a subsequent default, has a right to insist upon a compliance by the first mortgagee with the requirements of law, in the execution of such further order.

But if the sale under such  further  order is  irregular,  the remedy of the second mortgagee is not by an  *action*  to set aside the sale, but  by petition  to be admitted as a  defendant in the  original. action of foreclosure, where he can move to set  the sale aside for irregularity.

APPEAL from the. Circuit Court for *Jefferson* County.

*Luther* obtained a judgment in the circuit court for Jefferson county, in  an action  against *Bratley* and *Williams*, for the foreclosure and sale of certain mortgaged premises on account of the non-payment of  an instalment then due upon a mortgage executed by *Bratley*.   Before any sale took place, *Williams*, who had become the owner of the land,

June Term, 1861.

FARMERS' AND MILLERS' BK. OF MILWAUKEE v. LUTHER et al.

paid the instalment then due, and the costs, and afterwards, in April, 1857, executed a mortgage on the premises to one Bennett for $1,777 28, which, in October afterwards, was assigned to the *Farmers' & Millers' Bank of Milwaukee.* In January, 1858, the balance of the debt secured by the mortgage made by *Bratley* having become due and remaining unpaid, *Luther* obtained, at a special term of the circuit court for the ninth judicial circuit, held at Madison in *Dane* county, a further order for the sale of the mortgaged premises to satisfy said balance, which was $484 55. Under this order the premises were sold by a referee in March, 1858, at public sale, to one *Shepard*, for the balance due on said mortgage, and costs. In August, 1858, the *Farmers' & Millers' Bank of Milwaukee* brought their action against *Luther*, *Bratley*, *Williams* and *Shepard*, to set aside said sale, alleging, in addition to the facts above stated, that the order of sale made in January, 1858, was not filed with the clerk of the Jefferson circuit court until *after* the sale by the referee; that the bank had no information of the making of said order, nor of an intended sale of the premises, until after the sale; that there was only one bidder present at the sale; that the price bid was less than half the value of the land; that the bank, if it had known of the sale, would have bid for the land from $1,800 to $2,000, and is ready to bid $2,000 if a re-sale should be ordered, and offers to pay to *Shepard* the amount of his bid with interest, and his costs. *Shepard* alone answered, denying that the plaintiff had no knowledge of the making of said order of sale, or of the intended sale, until after the sale took place.

On the hearing the court found as facts, that the order of sale made at the special term in Dane county, was not filed and recorded in the office of the clerk of *Jefferson* circuit court until after the sale by the referee; that notice of the sale was given by publication; that the plaintiff held the mortgage executed by *Williams* as stated in the complaint, and was not a party to the foreclosure suit in which said order was made; but held, as conclusions of law, that the sale under said order was legally made, and that the plaintiff had notice of the granting of said order. The plaintiff excepted

to the conclusions of law. Judgment dismissing the complaint, &c.

*Baird & Skinner*, for appellant:

1. The appellant is interested in the subject matter of the foreclosure suit, and comes within the rule established in *Ward vs. Clark*, 6 Wis., 509. 2. It was irregular to advertise and sell the mortgaged premises, before the decree was filed and entered. 1 Barb. Ch. Pr., 331, 588, 625; and the same rule applies to executions issued before the filing of the judgment roll. *Barrie vs. Dana*, 20 Johns., 307; *Marvin vs. Herrick*, 5 Wend., 109. The signature of the judge to the order was simply evidence of the decision of the court which would have authorized the clerk to enter it; and if the judge had indorsed his allowance on the back of it, that would have had the same effect. R. S. 1849, chap. 84, sec. 38; *Skinner vs. Dayton*, 2 Johns. Ch. R., 226. Neither party can act upon the decision of the court, until the order upon such decision is drawn up and entered at length upon the record, or filed with the clerk for that purpose. *Whitney vs. Belden*, 4 Paige, 140; *Burrall vs. Raintenaux*, 2 id., 331; *Earl of Fingal vs. Blake*, 2 Molloy, 50; 1 Whittaker's Prac., 200. 3. The court will set aside a sale of mortgaged premises, when, by any irregularity in the proceedings, or unfair means, competition has been prevented. 1 Barb. Ch. Pr., 538–40; 3 Johns. Ch. R., 296; *Brown vs. Frost*, 10 Paige, 243.

*Enos & Hall*, for respondents:

If there was an irregularity in regard to the filing of the order of sale, the sale cannot for that reason be questioned in this collateral proceeding. It certainly could not be done in a proceeding at law. *French vs. Shotwell*, 6 Johns. Ch., 235; *Shottenkirk vs. Wheeler*, 3 id., 275; *DeRiemer vs. Cantillon*, 4 id., 85; *Hawley vs. Mancius*, 7 id., 174. And since no fraud was shown, there was no ground for the interference of a court of equity. *Lansings vs. Eddy*, 1 Johns. Ch., 49; *Foster vs. Wood*, 6 id., 87. In *Houghton vs. Kneeland*, 7 Wis., 244, this court decided that a party could not avail himself of an irregularity committed against his co-defendant in the same action. The only inference from the case of *Ward vs.*

*Clark,* 6 Wis., 509, applicable to this case, is that in order to sustain an application for a resale, the applicant should in some way have become a party to the foreclosure action. A party to a foreclosure suit cannot file an original bill for a resale of the premises. *Brown vs. Frost,* 10 Paige, 243.

*Smith & Salomon,* for respondent *Shephard,* argued that if there was an irregularity, the plaintiff's remedy, if any, would be by petition in the original action. A stranger to an action cannot take advantage of any irregularity in the proceedings therein. 1 Smith's L. C., note to *Crepps vs. Durden*; *Brown vs. Frost,* 10 Paige, 246.

*By the Court,* DIXON, C. J.  We know of no principle by which the judgment or order of a court of law or equity can be collaterally impeached or set aside for mere error or irregularity, the jurisdiction of the court being established or conceded.  The jurisdiction of the court in the case of *Luther vs. Williams & Bratley,* and its power to make the supplemental order directing the sale of the mortgaged premises, are conceded.  The failure of the clerk of the circuit court of Dane county to certify the order to the clerk of the circuit court of Jefferson county, or of the latter to file and enter it, until after the sale took place, and the sale by the referee before these acts were performed, were, at most, mere irregularities.  They involved no question of power or jurisdiction, and the sale therefore cannot be set aside in this collateral proceeding.  The appellant's remedy was by petition in that suit, upon which it could have been let in to defend, and thus have obtained the desired redress.  The judgment of the circuit court must therefore be affirmed. But as we are of opinion that the sale by the referee, before the filing and entry of the order by the clerk of the circuit court of Jefferson county, was clearly irregular, and should for that reason be set aside, at the instance of any party interested, we shall affirm the judgment without prejudice to the appellant's right to petition in that suit to be let in as a defendant, and to move to set it aside for irregularity.  We can find nothing in the Code which countenances the idea that judgments and orders of that importance could be act-

*June Term, 1861.*

FARMERS' AND MILLERS' BK. OF MILWAUKEE v. LUTHER et al.

June 18.

June Term,
1861.

FARMERS' AND
MILLERS' BK.
OF MILWAUKEE
v.
LUTHER et al.
ed upon and executed without filing and entry in the office of the proper clerk. Such a practice would be contrary to all past experience and usage. The parties and others have a right to look to the records and files as an authentic and reliable source of information upon all such matters; and the consequences would often be most mischievous if they were not permitted to do so. Section 191 of the Code made it the duty of the clerk to file and attach, so as to constitute a part of the judgment roll, "all orders and papers in any way involving the merits, and necessarily affecting the judgment." Section 306 provided that the clerk of the circuit court of the county in which the special term was held, should certify the orders and papers in causes pending in other counties of the circuit to the clerks of the circuit court of the counties where the same were pending, and that they should be filed and entered by such clerks in the same manner as if the causes had been heard or decided by the circuit court at a term thereof held in that county. It is immaterial to which of the clerks the negligence was attributable. It was, in any event, the duty of the plaintiff or his attorneys, to see that the order was filed in the proper office before any steps were taken to execute it.

We think that the rights and standing of the appellant ought not, in this respect, to be affected by reason of its having purchased after the original judgment of foreclosure was entered. Judgments thus obtained upon the non-payment of a portion of the interest, or of an instalment of the principal, which is afterwards paid, are as a remedy quite severe enough when we give to them the exact effect which the statute requires. Upon a subsequent default, however trifling, the mortgagee is authorized to proceed most summarily upon a judgment rendered before that part of the debt became due, and that without notice to purchasers and others who may have become interested in the mortgaged premises prior to the happening of such default. The payments may be fixed at long intervals running through a series of years. In the mean time the privilege of selling or incumbering the premises may be very valuable; creditors may become interested. It would be unjust to say, in such

cases, that subsequent purchasers and incumbrancers in good faith have no right to insist upon a compliance with the requirements of the law on the part of the mortgagee; or that the law affords them no remedy for any detrimental mistakes or abuses which may intervene in the execution of the summary process which is thus placed in his hands. They are clearly entitled to both; and as we have already said, the remedy in a case like the present is by petition in the original action.

June Term, 1861.

The judgment of the circuit court is therefore affirmed, but without prejudice to the appellant's right to file such petition.