## WILSON VS. JARVIS and another.

In an action by a tax title claimant, under ch. 22, Laws of 1859, the defendant may set up as a defense any facts which show that the plaintiff was incapable as against him or his grantor of taking title by tax deed, or by deed for the taxes of the particular years relied upon.

If such action is commenced during the pendency of a prior action in the same court by the original owner to quiet his title against the tax title claimant, the plaintiff in the prior action should set up the pendency thereof, together with any other defense he may have, in such subsequent action, and ask for a stay of proceedings therein until his action is determined.

Whether the action of the tax title claimant is commenced before or after that of the original owner, the plaintiff in the latter suit is not entitled to an *injunction* restraining the former.

APPEAL from the Circuit Court for *Dane* County.

Action to remove a cloud from plaintiff's title to land, created by tax deeds, and to restrain the defendant *George Jarvis* from proceeding in an action pending in the same court and brought by him under chap. 22, Laws of 1859. The complaint alleges, in substance, that on the 25th of August, 1855, Angell and Labore, then owners of the premises in fee, conveyed them to Petherick and Hartley, who jointly mortgaged back one undivided half to each of said grantors, as security for different portions of the purchase money, with covenant in each mortgage to pay all taxes, &c.; that on the 28th of April, 1856, Hartley conveyed his interest to Petherick, who mortgaged the same back to secure purchase money, subject to the two mortgages above named, *and to the covenants therein contained;* that on foreclosure of the last mentioned mortgage and sale under the decree, *George Jarvis* purchased the mortgaged premises, which the complaint insists that he took " with all the burdens, charges, obligations and duties, charged and existing thereon;" and that he afterwards asserted his title thereto, and commenced a partition suit against the plaintiff herein, which he discontinued in 1862. The complaint further alleges that in 1860, at a sale made on foreclosure of the mortgage above named to Angell, plaintiff purchased and took

Wilson vs. Jarvis et al.

possession of the undivided half of said premises covered by said mortgage ; that on the 17th of November, 1862, at a sale on foreclosure of the mortgage to Labore, Rosina B. Labore purchased the undivided half covered by said mortgage ; that on the 25th of November, 1862, said Rosina also *obtained a deed of the same from George Jarvis ;* and that two days afterwards she deeded said undivided half to the plaintiff, who from that time continued to own and occupy the whole of said premises.   The complaint then alleges that some time between the 14th of April, 1857, and the 27th of May, 1861, *Jarvis* procured papers purporting to be tax certificates as follows : (1) On the whole of said premises, for tax of 1856, sale of 1857 ; (2) On an undivided half of said premises, for tax of 1857, sale of 1858 ; (3) On the whole, for tax of 1858, sale of 1859 ; that in May, 1861, he procured and recorded tax deeds upon the two first named, certificates, and one upon the third certificate in June, 1862 ; and that in November, 1862, he procured and recorded other tax deeds purporting to be based on the same certificates.   Then follows an averment that said *Jarvis* had commenced an action in said court against the plaintiff herein and others, in which he set up said tax deed issued to him in November, 1862, based upon the sale in 1857 for the tax of 1856, in which he seeks to bar and foreclose all the rights of this plaintiff and others in said land, and to have the title quieted in himself, and to obtain the possession; " that said action was commenced by the service of a summons, which was issued and placed in the hands of the sheriff of Dane county to be served before this action was commenced ;" and " that said complaint [in the action brought by *Jarvis*] and said tax deed therein recited, are framed under the provisions of chapter 22, Laws of 1859."   The complaint then alleges various irregularities in the tax proceedings of 1856, 1857 and 1858, rendering invalid, as it alleges, the sales of said premises under which *Jarvis* claimed ; and further avers " that by the peculiar provisions of said ch. 22, Laws of 1859, and the rul -

ings and decisions of the courts of Wisconsin thereon, the plaintiff cannot have the benefit of the facts aforesaid as a defense in said action " brought by *Jarvis*, and that " unless he can have the prayer of his complaint herein, he will be without redress," &c.

It appears that upon this complaint an injunctional order was granted, a recital of which is referred to in the opinion of the court, but is not shown by the printed case.

The answer, among other things, insisted that the plaintiff was not entitled to the relief sought, because of the pendency of the action by *Jarvis* against *Wilson* and others, referred to in the complaint.—The court found the facts as stated in the complaint, and held that *Jarvis* acquired no title through the tax deeds in question, but that his purchase of the tax certificates was in effect a redemption of the land from the tax sales, and that the plaintiff was entitled to the relief sought. Judgment accordingly; from which the defendants appealed.

*E. & C. T. Wakeley*, for appellants :

The pendency of the prior action is expressly shown in the complaint and admitted in the answer. The court should therefore have dismissed this action, at least so far as related to the tax · title upon which the prior action was based. 2. Since the code, the bringing of an action to enjoin another action between the same parties in the same court, is unnecessary and unauthorized. *Dederick v. Hoysradt*, 4 How. Pr. R. 350 ; *Hunt v. Farmers' L. & T. Co.*, 8 id., 416 ; *Foot v. Sprague*, 12 id., 358 ; *Arndt v. Williams*, 16 id., 244 ; *Auburn City Bank v. Leonard*, 20 id., 193 ; *Harman v. Remsen*, 23 id., 174 ; *Bennett v. Leroy*, 14 id., 178. The plaintiff can plead the facts set up in this action, as a defense to *Jarvis's* action against him, either upon terms or without terms. If he can do so only upon the terms prescribed by ch. 22, Laws of 1859, the allowance of an injunction upon the pending action was merely a mode of defeating the plain provisions of that statute, which this court has held to be constitutional. But it is not clear

that he cannot set up such a defense under that act without tendering the amount of the tax, &c. It is probably the intention of that act, that " no other defense to such action, *growing out of defects or irregularities in the tax proceedings*, shall be set up " &c., except on the conditions prescribed.

*Welch & Lamb*, for respondent :

The suit by *Jarvis* against the plaintiff on his tax deed was seriously threatened when this action was commenced. That suit was not commenced, for by secs. 1 and 14, ch. 124, R. S., actions are not to be considered as commenced until the summons is *served*. This action was commenced while the threats were impending, and before they were consummated by the service of the summons. No motion was ever made to dissolve the preliminary injunction, and the injunction now contained in the decree depends on testimony given at the trial, which is not before this court for review. Under the provisions of our statute we think this question is not reviewable. R. S., chap. 132, sec. 29. The defendant answered, and certainly the enjoining of actions on the tax deeds was "consistent with the case made by the complaint and embraced within the issue." *Benedict v. Horner*, 13 Wis., 256 ; Adams' Eq., 454-5. [Other questions were argued by the respective counsel which are not passed upon by this court.]

*By the Court*, DOWNER, J. The plaintiff, *Wilson*, was not entitled in this action to the relief he asked and obtained by the judgment of the circuit court, unless this suit was commenced. *before* the suit of *Jarvis v. Wilson and others*. If it was so commenced, it should clearly appear both by the complaint (or a supplemental complaint), and by the decision of the circuit court. It does not so appear ; the circuit court did not so find ; and the recital in the injunctional order that this action was commenced one day before the other cannot avail the plaintiff against the averments of his complaint. If the action of *Jarvis v. Wilson* was first commenced, then it would

draw to it the right to have the validity of the tax deed to *Jarvis* for the taxes of 1856, and everything pertaining thereto, adjudicated in that suit. If that action was not commenced first, even then the plaintiff had no right to an injunction in this suit enjoining proceedings in that action. Both actions are what would have been suits in equity before the code. Under the former chancery practice, a court of equity never interfered by injunction to stay proceedings in another equity suit in the same court. *Dyckman v. Kernochan*, 2 Paige, 36. If the suit of *Jarvis v. Wilson* was really commenced, as the plaintiff contends, after this action, he should have answered in that action setting up the pendency of this suit at the time that was commenced, and any other defense he had or might plead thereto, and then in that action have applied to the court for a stay of proceedings until this was heard or tried.

The averment or legal conclusion of the pleader, that, " by the peculiar provisions of chap. 22, Laws of 1859, and the rulings and decisions of the courts thereon, the plaintiff cannot have the benefit of the facts aforesaid as a defense in said action," is without foundation. It was held by this court in *Wakeley v. Nicholas*, 17 Wis., 594, that the effect of that act was "to cut off all mere technical defenses, not going to the ground work and justice of the proceedings, and to compel the payment of taxes where equity required that they should not be avoided."

The judgment of the circuit court is reversed, with costs, and the cause remanded for further proceedings.