STATE ex rel. MILLS VS. KISPERT, Town Treasurer &c.

JUDGMENTS AGAINST TOWNS : *payable by treasurer when collected, without order of supervisors.*—*Interest of judgment creditor in moneys cannot be divested by act subsequent to their collection.*—*Ch.* 226, *Pr. and L. Laws of* 1866, *did not take effect until published.*—MANDAMUS : *will not issue to command an act restrained by injunctional order.*—*Relator's remedy.*

APPEAL from the Circuit Court for *Jefferson* County.

Application for a *mandamus*, to compel the defendant, treasurer of the town of Jefferson, in said county, to pay over certain moneys in his hands to the relator. The affidavit of relator's attorney, on which the application was founded, states the following facts : In April, 1865, the relator recovered a judgment in said court against the town of Jefferson, for $2,-007.32, damages and costs, which was affirmed by the supreme court, on appeal, about the 1st of November, 1865. The order of affirmance was filed in the circuit court on the first of December following, together with the original judgment roll, duly remitted for that purpose. Thereupon the relator's attorney filed with George W. Bird, at his office in said town, an exemplified copy of said judgment roll and order of affirmance, and also an affidavit, stating that said judgment had not been reversed, or paid, or satisfied in whole or in part, nor had it been appealed or removed to any other court, except as above stated. Upon serving these papers, affiant requested said Bird to insert the amount of said judgment and the interest thereon in the next tax roll of said town, for the year 1865, the tax roll for that year not then being made out. Said Bird (the affidavit states) was, on said first of December, and for a long

time before and after, "acting town clerk of said town of Jefferson," and as such did assess the amount of said judgment and interest upon the taxable property of the town, and placed it upon the next town assessment and tax roll in a separate column, and delivered the same, with the proper warrant annexed, to one Reinel, then treasurer of said town, who collected the moneys so assessed. On the 5th of March, 1866, said Reinel, on demand, refused to pay said moneys to the relator's agent, on the ground that he was restrained from so doing by an injunctional order of said court, hereinafter mentioned, issued by a court commissioner in a suit for an injunction brought by said town against said Reinel and others. Reinel at the same time refused affiant permission to appear for him, at the expense of *Mills*, in said injunction suit. Afterwards *Kispert* became treasurer of said town, and as such received from Reinel the moneys collected as aforesaid to satisfy the relator's judgment; and on the 31st of May, 1866, he refused, on demand, to pay them to affiant for the relator, on the ground that the "Commissioners of the Public Debt" of said town claimed said moneys, or had ordered him to pay the same to them. Said commission was created by the act published as ch. 226 in the volume entitled Private and Local Laws of 1866.* The affidavit further states, that no part of said judg-

---

*Said chapter was published March 31, 1866. It constituted three persons therein named, "commissioners of the public debt" of said town; provided that when the holders of the bonds of the town issued in aid of the construction of certaid railroads (including by its terms the bonds on which the relator's judgment was founded) should propose, in writing, a compromise of the indebtedness of the town, an election might be called at which the electors of the town should vote upon the acceptance of the proposition; and that if the majority of votes should be in favor of accepting the proposition, new bonds of the town might be executed and delivered to said commissioners; directed in what manner the commissioners should thereupon exchange the bonds, &c.; provided for a tax on the property of said town to pay said new bonds; and declared that the provisions of sec. 78, ch. 15, R. S., should not apply to any judgment theretofore obtained, or which might thereafter be obtained, against said town, founded upon bonds issued in aid of said railroads. Sec. 78, ch. 15, R. S., provides that whenever any final judgment of a court of this

ment in favor of the relator had been paid; that he was still the owner thereof, and entitled to said moneys, &c; and that the whole sum so collected and in *Kispert's* hands, was $2,-135.92. Attached to this affidavit is a copy of the record in the injunction suit against Reinel as the treasurer of said town, the chairman of the town board of supervisors, and George W. Bird, acting town clerk. The complaint therein alleges that said Bird had no authority to act as such town clerk, and also impeaches the validity of the assessment and tax to pay the relator's judgment, on several other grounds. Upon this complaint an injunctional order was issued by a court commissioner, February 10, 1866, restraining the defendants in said action, their successors in office, &c., from paying or causing to be paid to the relator herein the moneys claimed by him.

Upon the papers above described, an order was made upon the respondent to show cause why a peremptory *mandamus* should not issue, requiring him to pay over said moneys to the relator. Afterwards respondent moved to dismiss and quash the relator's proceedings herein, upon the ground that the affidavit of his attorney, on which the order to show cause was based, was insufficient; and from an order denying this motion respondent appealed.

*Gerrit T. Thorn*, for appellant, to the point that the *mandamus* could not properly issue so long as the injunctional order was in force, cited *People v. Sturtevant*, 9 N. Y., 263; 2 Edw. Ch., 188; 3 id., 238; 11 N. Y., 563. 2. The money collected by the treasurer is the property of the town until the town orders

state against a town, with an affidavit of the judgment plaintiff, his assignee or attorney, that the judgment has not been reversed, appealed from, or removed to any other court, or satisfied in whole or in part, shall be filed in the office of the town clerk of such town, it shall be the duty of said clerk to assess the amount of the judgment, with interest, upon the taxable property of the town, placing the same on the next town assessment and tax roll, in a separate column; and the same proceedings shall be had thereon, and the same shall be collected and returned in the same manner as other town taxes, and shall be paid to the party entitled thereto.

it to be paid out, in the manner prescribed by law.   R. S., ch. 15, sec. 86.   It can be drawn from the treasury only on the order of the supervisors, signed by the chairman and countersigned by the clerk.   Secs. 61, 84.   There is nothing in sec. 78 to change the general rule in a case like the present.   That section provides that the money shall be "paid to the party entitled thereto."   But who is to say who is entitled to it ?   In all other cases the town board are to determine that question ; and there is nothing to warrant a departure from the rule here. *Williams v. McDonal*, 4 Chand., 68 ; 1 Kent, 517–19.   Secs. 77 and 78 were first enacted by ch. 30, Laws of 1857 ; the title of which was "An act for the collection of judgments against towns "—not "for the collection *and payment.*"   The previous general statute regulating the powers of the treasurer as to paying out moneys, will not be considered as changed by implication.   *Bowen v. Lease*, 5 Hill, 221 ; 9 Cow., 506.   The prior law must be upheld, if both may subsist together.  2 Barb., 316 ; 13 Pick., 343, 348 ; 2 id., 172 ; 25 id., 296 ; 20 id., 407 ; 5 Ind., 162.

*Enos & Hall, contra.*

Downer, J.   1. Was it the duty of the treasurer to pay to the relator the money collected by him under and pursuant to the provisions of sec. 78, ch. 15, R. S., without an order of the town or any of its officers ?   It is contended that sec. 86, and the provision respecting auditing claims, require that in *all* cases the town treasurer should pay money out of the treasury only on the order of the town or the proper officers.   But we think the money by him collected to pay a judgment under the provisions of sec. 78, is an exception to the general rule, or at least no more governed by it than are his duties in respect to the money by him collected which he is to pay to the county treasurer.   The machinery provided by section 78 takes the place of an execution against the town, and the town treas-

urer, who collects the money, ought, the same as a sheriff who collects money on execution, to pay it, without further order or direction from any one, to the party for whom it was collected. The statute says the money " *shall be paid to the party entitled to it.*" By whom shall it be paid? Obviously by the person collecting it, and that too without further delay, as all the delays of the law as to that claim were intended to be ended when the money was collected by the final process of the law as prescribed in sec. 78. There was then nothing left for the town or its supervisors to do by way of auditing or allowing the claim. That had been done by the court rendering the judgment; and the whole matter was beyond the control of the town or its supervisors. When the treasurer collected the money, he received it for the *use* of the judgment creditor.

2. Did chap. 226, Pr. & L. Laws of 1866, authorize the treasurer to retain the money? Section 11 of that act was no doubt designed to, and does in terms, repeal the provisions of section 78, ch. 15, R. S., so far as it authorizes the collection and payment of the relator's judgment. But the money was collected by the treasurer before that act was published and in force; and if our view in regard to the first point is correct, the relator, the moment the money was paid to the treasurer, had such an interest in it, that it was not in the power of the legislature to divest it; and so much of the act as provides for diverting the money collected for the relator by the treasurer, is void.

3. Was the treasurer justified by the injunction in not paying over the money? It is maintained by the counsel for the relator, that the injunction suit is collusive, and all proceedings in it void. We do not see any certain evidence of collusion on the part of Reinel, the treasurer. It would be a dangerous doctrine to establish, that a defendant, enjoined from doing any particular act, may himself determine that the injunction is void, and disregard it. We think he did right in obeying the

injunction, and that it is a protection to him so long as it is in force; and it cannot be annulled in this action. The remedy of the relator is not by *mandamus*, but by petition to be made a party to the injunction suit, or by some other proceeding. As to the remedy by petition, see *Marks' Heirs v. Aubry*, 2 A. K. Marsh.,206; *Smith v. Evans*, 3 id.,217; *Farmers' and Millers' Bank v. Luther*, 14 Wis., 99. We are also of opinion, as the interest of *Mills* appeared on the face of the complaint, that the circuit court might, in its discretion, have permitted him on his motion or petition to defend the action in the name of the treasurer.

*By the Court.*—The order of the circuit court overruling the motion to quash, is reversed, and the cause remanded for further proceedings.