## PLATTO vs. DEUSTER, impleaded with another.

JURISDICTION *of County Court of Milwaukee.*—INJUNCTION, *to restrain equitable proceedings in court of co-ordinate jurisdiction.*

1. Within the limits prescribed by law for the county court, the circuit and county courts of Milwaukee county are courts of co-ordinate jurisdiction in equity.
2. Proceedings under a judgment in equity will not be restrained by another court of co-ordinate jurisdiction, upon a suit subsequently commenced therein.

APPEAL from the Circuit Court for *Milwaukee* County. Application for an injunction to restrain the defendants from executing a writ of assistance issued from the county court of said county. The case stated in the complaint is substantially as follows: In 1858, *Gilman* leased to one Krause, a certain lot in the city of Milwaukee for a term of years at a specified rent, the lessee to pay taxes assessed upon the premises during the term, and *Gilman* to have a lien (with power of sale) upon such buildings as Krause might place on the premises during the term, as security for the payment of any rent or taxes, not paid when due. On

the 15th day of October, 1864, Krause sold the buildings and improvements then upon the premises, and underlet said premises to one Witte, who took possession. In April, 1865, *Gilman* brought suit, and in November following obtained judgment in said county court, to enforce an alleged lien against said buildings, " under pretense that Krause was in default and arrears for rent due under said lease, and for taxes which he had neglected to pay, although said *Gilman* had not then paid or caused to be paid any part of said taxes, and was in no manner damnified by the default of said Krause," and by said judgment it was ordered, among other things, that the dwelling house on said premises should be sold at public auction to satisfy the amount found due; and afterwards, in 1867, said dwelling house was sold pursuant to the judgment, to *Gilman* himself, and the sale confirmed. Plaintiff claims to be owner in fee of said premises and the buildings thereon under tax deeds executed subsequently to April 20th, 1865; and in November, 1865, recovered judgment in an action against Witte, in which it was adjudged that he (plaintiff) was owner in fee and entitled to the possession of the premises; and accordingly he obtained possession thereof from Witte and thereupon executed to him a lease of the same for five years, and since that time has made valuable and expensive improvements thereon. In April, 1867, *Gilman* obtained from the county court a writ of assistance directed to the defendant *Deuster*, as sheriff, directing the latter to forcibly remove Witte from the premises and put *Gilman* in possession; and it is to restrain the execution of this writ that the present action was brought.

An injunctional order having been granted, the defendant *Deuster* demurred to the complaint as not stating a cause of action, and moved to dissolve the injunction; and appealed from an order denying his motion.

*J. Downer,* for appellant, to the point that a court of equity does not enjoin its own decrees or judgments, or writs issued to carry them into execution, or the decrees of another court of equity, cited 1 Barb. Ch. Prac., 619; 2 Paige, 26; *Lane v. Clark,* 1 Clark, 309; *Smith v. Ins. Co.,* id., 307; 1 Hoff. Ch. Pr., 89, note 2; 4 How. Pr. R., 350; *Hunt v. Farmers' L. & T. Co.,* 8 id., 416; 16 id., 244; 14 id., 178; *Grant v. Quick,* 5 Sandf., 612. He also contended that a public officer cannot rightly be enjoined from executing the writ of another co-ordinate court in his hands, but the injunction should be against the plaintiff or his attorneys who are directing the execution of the writ.

*J. V. V. Platto,* for respondent. [No brief on file.]

DIXON, C. J. Within the limits prescribed by law for the county court, the county and circuit courts of Milwaukee county possess equal equity powers. They are courts of concurrent jurisdiction, proceeding upon the same principles and in the same modes. Any relief which can be obtained in the one can be obtained in the other, and neither has any authority superior to the other. Will an injunction issue from one of these courts, upon a new suit commenced, to restrain proceedings under a judgment in equity rendered in the other? The question may be more broadly put: Will one court of co-ordinate chancery jurisdiction restrain by injunction the proceedings previously instituted in another? Can the execution of an order or judgment in equity in one of the circuit courts of this state be restrained by injunction issued in an action subsequently commenced in another circuit court? Such is the question presented in this case; and I apprehend, both on principle and authority, that the power thus claimed does not exist; or if it does, that it ought never to be exercised. It is easy to see the great confusion and endless trouble and litigation which

might ensue from the exercise of such a jurisdiction. The impropriety, I might say the utter absurdity, of applying to one court to restrain, modify or correct the orders or decrees of another court of co-ordinate jurisdiction, is also apparent. I think it is wholly inadmissible to do so. No instance has been found where one court of equity has thus interfered with the proceedings in another court of equity of the same jurisdiction, and it is believed that none can be. The practice of the court of chancery in former times is well understood. An original bill could not be sustained either by parties or privies to a former suit, for an injunction to restrain proceedings under a decree in such suit. *Dyckman v. Kernochan*, 2 Paige, 26. And the rule was the same where the new bill was filed either in the same or another circuit, by a stranger to the original suit. *Smith v. American Life Ins. and Trust Co.*, 1 Clarke Ch., 307; *Lane v. Clark*, id., 309; *Newton v. Douglas*, cited in 1 Hoff. Ch. Practice, 89, n. (2). The proper course was to apply to the court by petition for an order in the original suit. Such is the practice in this state. *Farmers' and Millers' Bank v. Luther*, 14 Wis., 96; *The State ex rel. Mills v. Kispert*, 21 Wis., 387. See also *Wilson v. Jarvis*, 19 Wis., 597. The power of the court in which the judgment or decree was rendered, to grant the requisite relief in cases like this, is undoubted. The chancellor might always, either in the court or at chambers, suspend the execution of a final order or decree, on the ground of subsequent matter that would render its execution oppressive or iniquitous. *Spann & Jennings v. Spann*, 2 Hill's Ch. R. (S. C.), 156. In *McChord's Heirs v. McClintock*, 5 Littell, 304, a person not a party or privy to a chancery suit had been turned out of the possession of land under a writ of possession, issued to carry the decree into effect. He applied to the court in the same suit,

and obtained a writ of restitution, by which the possession of the land was restored to him.

The former practice in chancery, not to interfere, upon a new bill filed, to restrain proceedings in equity already pending, is in perfect harmony with the provisions of the code, and fully sustained by the modern decisions. *Dederick v. Hoysradt*, 4 How. Pr. R., 350; *Hunt v. Farmers' Loan & Trust Co.*, 8 id., 416; *Bennett v. LeRoy*, 14 id., 178; *Arndt v. Williams*, 16 id., 244; *Grant v. Quick*, 5 Sandf., 612; *Anthony v. Dunlap*, 8 Cal., 26; *Rickett v. Johnson*, id., 34; *Revalk v. Kraemer*, id., 66; *Gorham v. Toomey*, 9 id., 77; *Uhlfelder v. Levy*, id., 607.

For these reasons the motion to dissolve the injunction in the court below should have been granted, and the order appealed from must be reversed.

*By the Court.*—Order reversed.