DAYTON VS. RELF, impleaded, etc.

TAX DEED. (1) *Statutes construed.* (2) *Widow may redeem within five years, notwithstanding deed to purchaser in three years.* (3) *Right to redemption may be pleaded without deposit.* (5) *Right may be pleaded in tax title claimant's action to foreclose; separate suit to restrain, not allowed.*

INJUNCTION. (4) *Equitable suit in same court not enjoined.*

1. Ch. 89, Laws of 1868, and ch. 22, Laws of 1859, being *in pari materia*, must be construed together so as to give effect to both, so far as possible.

2. Under said ch. 89, a " widowed woman " whose lands are *sold for taxes*, may *redeem* them at any time within *five years* from such sale, although the purchaser is entitled to a *deed* at the expiration of *three* years from the sale.

3. Where the purchaser or his assign, after recording a tax deed upon such sale, brings an action under said ch. 22, to foreclose the rights of the original owner *before the time for redemption has expired* under said ch. 89, the owner may set up such right of redemption in the answer *without making the deposit* mentioned in sec. 38 of said ch. 22.

4. A court of equity will not interfere by *injunction* to stay proceedings in another *equitable suit* in the same court.

5. The *action to foreclose by the tax title claimant* against the original owner, provided by said ch. 22, is equitable in its nature; and if the defendant therein is entitled, under said ch. 89, to the five years' term for redemption, which has not yet expired, that fact should be set up *in the same action;* and a *separate suit to restrain* the foreclosure action upon that ground, cannot be maintained.

APPEAL from the Circuit Court for *Douglas* County.

This action was brought by *Maria B. Dayton*, to quiet title to certain real estate described in the complaint, and to perpetually enjoin the defendants *Annette Relf, Richard Relf* and *Thomas Clark* from prosecuting an action previously begun by

*Annette Relf* as plaintiff against *Maria B. Dayton*, defendant, under chapter 22, Laws of 1859, to bar the claim of *Mrs. Dayton* to the land in question, which had been conveyed to *Annette Relf* under certain tax deeds. The substance of the complaint is set forth in the opinion. The defendant *Richard Relf* demurred to the complaint, as not stating a cause of action. The circuit court overruled his demurrer; from which order he appealed.

*Geo. W. Perry,* with *Gregory & Pinney,* of counsel, for appellant, argued that the action of *Annette Relf v. Maria B. Dayton,* which was sought to be enjoined by this suit, was an equitable action in the same court, and the court will never enjoin an equity proceeding in the same tribunal. *Wilson v. Jarvis,* 19 Wis., 597, 601. This action is vexatious and unnecessary, since, if *Mrs. Dayton* has any equitable defense to the action of *Annette Relf,* she may set it up without a deposit. *Wilson v. Jarvis, supra. Mrs. Dayton* may redeem from the tax deed to *Annette Relf* any time before September 7, 1874. Sec. 25, ch. 22, Laws of 1859; *Wright v. Wing,* 18 Wis., 45; Blackwell on Tax Titles, ch. 27, p. 490. And by parity of reasoning the decree of the court barring her would be subject to defeat by redemption at any time within five years; for the court can not enlarge the statute, and cannot give a better title than the law gives under which the decree would be made. The decree, therefore, like the tax deed, is conditional, and *Mrs. Dayton's* title would be no more affected by the decree than by the deed. Hence, the wrong complained of is *damnum absque injuria,* and requires neither prevention nor redress. The statute has failed to provide in *terms* especially for this exigency, but the ruling as to the effect of the deed in *Wright v. Wing,* 18 Wis., 45, and in *Woodbury v. Shuckleford,* 19 id., 55, and Blackwell, ch. 27, leave little doubt as to the effect of a decree prior to the expiration of the period of redemption.

*H. N. Setzer, contra,* argued that in taking the tax deeds, the defendant *Annette Relf* took them, not as conveying an abso-

lute title to the land, but subject to the condition annexed by the same law which granted them to her, that the respondent should have the right to redeem the land until the 7th day of September, 1874. *Wright v. Wing*, 18 Wis., 45. The grantee in the tax deed can not begin an action to bar the original owner of the land, until after the time for redemption has expired. Any other construction of the statute would virtually deprive the person entitled to the additional time for redemption of that right. Moreover, the action brought by *Annette Relf*, under ch. 22, Laws of 1859, is a mere statutory remedy, entirely unknown to the common law, and not according to the forms of equitable actions. Section 83 of that chapter, as amended by chapter 62, Laws of 1866, after enumerating five defenses which the defendant may interpose, neither of which embraces the defense of this respondent that the time of redemption has not expired, provides that no other defense shall be set up in the answer until the defendant shall deposit with the clerk of the court, to the use of the plaintiff, the sum for which the land was sold at the tax sale, and all subsequent taxes paid by plaintiff, with interest thereon at twenty-five per cent. per annum. This deposit imposes on defendant a greater burden than the redemption of the land. The respondent, therefore, having a meritorious defense to the action of *Annette Relf*, of which she cannot avail herself, whether that action be brought at common law or under the statute, equity should interfere by injunction, and restrain the plaintiff from taking any advantage against good conscience, and perpetually enjoin the prosecution of that action. The rule contended for by counsel for appellant is undoubtedly correct, that equity will not stay proceedings in another equity suit. But the reason for the rule is, that in all purely equitable actions, defendant may avail himself of any and all defenses, and hence there can be no necessity for another action to enjoin the original suit. But when the reason for a rule fails, the rule itself ceases. And it has already been shown that an action brought under

ch. 22, Laws of 1859, is not a purely equitable action, but is a remedy *sui generis*, entirely statutory, and to be governed by the provisions of the statute alone. Hence the necessity of invoking the equity jurisdiction of the court for the protection of respondent.

COLE, J. It is urged in support of the complaint, that it states a case calling for the interposition of a court of equity. The relief asked is, that the court will grant a perpetual injunction restraining the prosecution of an action previously commenced by the defendant *Annette Relf* against this plaintiff, on a tax deed, under the provisions of ch. 22, Laws of 1859. It is alleged that the plaintiff is the owner of the lands described in the tax deed, and was such owner when they were sold for taxes in September, 1869; that she was then and is now a widowed woman, entitled by law to the term of five years from the tax sale to redeem the lands; that the tax deed was issued in August, 1873, and an action was commenced by the grantee therein named against her for the purpose of barring her right, title and interest in the lands; and that the defendants in this suit threaten to move the former action to judgment, unless she put in her answer to said action and deposit forthwith the amount required by law to enable her to answer. This constitutes the principal ground upon which equitable relief is sought in this suit. One of the objections taken to the complaint on demurrer is, that the plaintiff has a full and ample remedy for the protection of her rights in the action previously commenced by *Annette Relf* against her upon the tax deed, and that consequently this suit is unnecessary and vexatious. It seems to us that this objection is insurmountable, and must prevail.

We are unable to perceive why the court in the action already commenced cannot do ample justice between the parties, and fully secure to the plaintiff her right of redemption. The law unquestionably gives her five years from the tax sale to redeem the lands. Ch. 89, Laws of 1868, amending sec. 20, ch. 22,

Laws of 1859. It is very plain that the grantee in the tax deed cannot abridge or destroy this right of redemption by commencing an action to bar the right and interest of the plaintiff. And we can see no difficulty whatever in the way of the plaintiff making her defense in that action. The proceeding to foreclose the tax deed is equitable in its character, and the court is clothed with all the power in that suit necessary for the purposes of justice and to protect the rights of the plaintiff.

It is admitted that the doctrine is well settled that a court of equity will not interfere by injunction to stay proceedings in another equitable suit in the same court ( *Wilson v. Jarvis*, 19 Wis., 597); but it is said that the court, in enforcing the remedy given by ch. 22, does not exercise an equitable jurisdiction. But this, we think, is a mistake. The relief granted or authorized by the statute is equitable relief. If the judgment is in favor of the plaintiff and against the defendant claiming the land in the tax deed, such judgment, by force of the statute, forever bars such defendant and all others claiming under him after the commencement of the suit, from all right, title or interest in said lands; and if the judgment is in favor of the defendant, such judgment shall direct the plaintiff to release to such defendant all right or claim to the lands under the tax deed. Secs. 44 and 45. These sections and other provisions of the law clearly show that the jurisdiction which the court exercises in the proceeding to foreclose the tax deed is to a certain extent equitable in its character ( *Wakeley v. Nicholas*, 16 Wis., 588); and the power of the court in the action of *Annette Relf* against this plaintiff is entirely adequate and competent to protect her rights. There was therefore no necessity for the plaintiff to institute this suit to enjoin the action previously commenced, when she can avail herself of all her rights and defenses with full effect in the original suit.

The counsel for the plaintiff suggests, however, that she would not be permitted to answer in the action to foreclose the tax deed, and set up the defense that she was a widowed woman

when the lands conveyed by that deed were sold for taxes, and that the period of redemption had not expired, unless she made the deposit required by sec. 38.   As a condition to setting up certain defenses in the answer, this section requires the defendant to deposit with the clerk of the court in which the action is pending, for the use of the plaintiff, the sum for which the land was sold, together with the interest thereon at the rate of twenty-five per cent. per annum from the date of the tax deed, and also all such sums as shall have been paid by the plaintiff for subsequent taxes, with the same rate of interest from the day of such payment.   But we apprehend that this provision was never intended to apply to a case like the one before us, and to an action brought to bar the rights of the original owner, who still, by the statute, has the right of redemption.   For, to give the statute the other construction, and hold that the remedy afforded by it might be resorted to before the period to redeem had expired, would, in many cases, greatly abridge and qualify this right.   This court has held that the purchaser at the tax sale was entitled to a tax deed at the end of three years from the sale, although the right of redemption might exist after the delivery of the deed.   *Wright v. Wing*, 18 Wis., 45; *Woodbury v. Shackleford*, 19 id., 55.   In such a case, of course the title of the grantee in the tax deed is liable to be defeated by a redemption made by the owner who still has that right.   Now, the statute clearly provides that the lands of minors sold for taxes may be redeemed at any time before such minors come of age, and during one year thereafter; "and that the lands of idiots, married women, widowed women, and insane persons, so sold, or any interest they may have in the same, may be redeemed at any time within five years after such sale."   Ch. 89, *supra.*   The plaintiff, according to the averments in the complaint, had until the 7th of September, 1874, to redeem her lands from the sale.   And if that fact were made to appear in the action instituted upon the tax deed by *Annette Relf*, it would be a complete and perfect answer to that action.   The

court in that case would be bound to dismiss the suit as prematurely brought. It surely could not proceed and give the authorized judgment, forever barring the plaintiff's interest, without disregarding and annulling other provisions of the statute. These statutes are *in pari materia*, and refer to each other, and must be taken and construed together to arrive at the legislative intent. And, as it appears to us, it would be entirely inadmissible to hold, where the legislature has conferred upon the plaintiff — as it manifestly has by the law of 1868 — the clear and absolute right to redeem her lands at any time within five years from the tax sale, still that she shall not enjoy that right and have the benefit of that defense in an action brought on the tax deed under ch. 22, without first making the deposit required by sec. 38. We are entirely clear, therefore, that the provision in regard to making the deposit as a condition to the defendant's answering, was never intended to apply to a case like the one before us, where the period of redemption has not expired. It is true, this matter set up as a defense will not avoid the tax deed, but will abate the suit. But the time which the law gives the plaintiff to redeem her lands from the tax sale may be important, and such a construction must be placed upon all the provisions as is consistent with the preservation of this right. And this can only be done by holding that the general language used in sec. 38, that " no other defense to such action shall be set up in the answer of any defendant, unless the defendant setting up the same shall, at the time of filing the answer, make the deposit," must be qualified and restrained so as to harmonize with the other provisions of the same statute. We are confident that this language was never intended to embrace a case like the one we are considering, where the period of redemption had not expired. Consequently our conclusion is, that this suit is entirely unnecessary, and that the plaintiff may avail herself of the benefit of her defense in the action brought against her upon the tax deed, without making any deposit, and that the court in that proceeding can sufficiently and ade-

quately protect her rights. . This being so, it follows that the demurrer to the complaint should have been sustained.

*By the Court.* — The order of the circuit court overruling the demurrer is reversed, and the cause remanded with directions to dismiss the complaint.