Endter vs. Lennon and another.

*By the Court.* — The judgment of the county court is affirmed, with costs.

RYAN, C. J., dissents.

A motion for a rehearing was denied.

ENDTER vs. LENNON and another.

EQUITY: *Restraining execution of process.*

One suit in equity will not lie to enjoin the execution of process issued in another such suit, whether the second suit be brought in the same or another court, by a party or by a stranger to the first.

APPEAL from the Circuit Court for *Outagamie* County. *Wœhler*, one of the defendants herein, having recovered in said circuit court judgment of foreclosure of a mortgage executed to him by one Mary Manger, purchased the premises at the foreclosure sale, and on the same day took a sheriff's deed thereof. Possession having been demanded, by virtue of said deed, both from said Mary Manger and from *Casper Endter*, who was in occupation of the premises, and such demand having been refused, *Wœhler* sued out of said court a writ of assistance, directed to the present defendant *Lennon* as sheriff of said county, against Mary Manger and any person occupying the premises as her tenant or agent. Afterwards, and before said writ was executed, *Endter* commenced this action, in which he demanded that *Lennon* and his deputies be perpetually restrained from executing said writ. An injunctional order having been granted by a court commissioner, and the circuit judge at chambers having refused to vacate the same, defendants afterwards moved the court to vacate it, and appealed from an order denying the motion.

For the appellants, there was a brief by *Barnes & Goodland*, and oral argument by *Mr. Goodland*.

For the respondent, there was a brief by *Allen & Wistrom*, and oral argument by *Mr. Allen*.

RYAN, C. J.    This case is governed by *Platto v. Deuster*, 22 Wis., 482.    In that case, a suit in equity was commenced in one court to restrain the execution of a writ of assistance issued by another court of concurrent jurisdiction, in another suit in equity.    Here a suit is brought to restrain the execution of a writ of assistance issued by the same court in another suit.    The same principle governs both cases equally.    One court of equity will not enjoin the process of another.    One suit in equity will not lie to enjoin process issuing in another. The objection is fatal, whether the second suit be brought in the same or in another court, by a party or by a stranger to the first suit.    The proper course by either party or stranger to the first suit, is to apply by petition for relief in that suit. " The power of the court in which the judgment or decree was rendered, to grant the requisite relief in cases like this, is undoubted.    The chancellor might always, either in the court or at chambers, suspend the execution of a final order or decree, on the ground of subsequent matter that would render its execution oppressive or iniquitous." *Platto v. Deuster*.

The chief justice's opinion in that case is learned and well considered, and the judgment has never been questioned.    A different rule would be, as the chief justice remarks, not only improper, but absurd, would lead to embarrassing conflict of jurisdiction, and intolerable confusion and difficulty.

The order must be reversed, and the cause remanded to the court below, with directions to dismiss the complaint.

*By the Court.* — So ordered.