Coe, Adm'r, etc. vs. Manseau.

## Coe, Administrator, etc. vs. MANSEAU.

*December 17, 1884 — January 13, 1885.*

*(1, 3) Foreclosure of tax certificates: Parties: Redemption.    (2) Foreclosure of mortgages: Conveyance to mortgagee: Merger: Notice of* lis pendens.    *(4) Land contract: Possession of vendee: Constructive notice.*

1. If the plaintiff in an action to foreclose tax certificates has actual or constructive notice of the title of the owner of the land and fails to make him a party, such owner may redeem the land after judgment of foreclosure and may then maintain an action to prevent a cloud upon his title by a threatened sale under the judgment.

2. In an action by C. to foreclose mortgages, notice of *lis pendens* was duly filed.    After judgment but before sale the mortgagor conveyed the premises to one F., and F. conveyed them to C.    The last conveyance was not recorded.    *Held,* that the foreclosure proceedings were not constructive notice of C.'s interest to one who subsequently commenced an action to foreclose tax certificates.    The mortgage interest of C. had merged in the title acquired under the deed from F.

| 62 | 81 |
| 76 | 277 |

| 62 | 81 |
| 90 | 205 |

| 62 | 81 |
| 95 | 93 |
| 95 | 107 |

| 62 | 81 |
| 98 | 47 |

| 62 | 81 |
| d108 | 416 |

Coe, Adm'r, etc. vs. Manseau.

3. An action against the vendee in an executory contract for the sale of land, to foreclose tax certificates thereon, will not bar the right of the owner to redeem.

4. Actual possession of the vendee under an unrecorded contract for the sale of land is sufficient to put all persons upon inquiry as to his right, and they are chargeable with that knowledge of the vendor's title which they would have obtained by such inquiry.

APPEAL from the Circuit Court for *Kewaunee* County.

The principal facts are stated in the opinion. The contract of sale, therein mentioned, from the plaintiff to Dier was executed and Dier went into possession, May 13, 1880. The action by the defendant in this action to foreclose his tax certificates, was commenced March 28, 1881. The certificates sought to be foreclosed were of the tax sale of 1877.

The defendant appeals from a judgment in favor of the plaintiff.

*W. H. Timlin*, for the appellant, contended, *inter alia*, that the proceedings in the action to foreclose the mortgages were not constructive notice to the appellant of the interest of the plaintiff in the land. The appellant did not claim under or through the judgment or foreclosure proceedings, but by a paramount lien. The record of any instrument is never constructive notice to one who claims under a prior or paramount title, but is only notice to subsequent purchasers. *Stuyvesant v. Hone*, 1 Sandf. Ch. 419; *Deuster v. McCamus*, 14 Wis. 307; *Ely v. Wilcox*, 20 id. 523; *Trustees of U. C. v. Wheeler*, 61 N. Y. 108. *Lis pendens* is only constructive notice of a pending action to those who have acquired some title to, or interest in, the property in litigation under the parties to the suit in which it is filed or some of them. *Murphy v. Farwell*, 9 Wis. 102; *Allen v. Morris*, 34 N. J. Law, 159; *Stuyvesant v. Hall*, 2 Barb. Ch. 151. A purchaser of real estate is not affected with notice of a suit to which neither he nor his grantor was a party. *Parsons v. Hoyt*, 24 Iowa, 154; *French v. Loyal Co.* 5 Leigh, 627; *Miller v.*

*Sherry*, 2 Wall. 237; 1 Story's Eq. Jur. (12th ed.), §§ 406, 407. The effect of a suit as notice continues through its entire pendency, and ends when the suit is ended by judgment, after which the judgment binds only parties and privies. *Turner v. Crebill*, 1–2 Ohio, 174; *Lee Co. v. Rogers*, 7 Wall. 181; *Jackson v. Warren*, 32 Ill. 331; *Page v. Waring*, 76 N. Y. 463; *Worsley v. Earl of Scarborough*, 3 Atk. 392; Freeman on Judgments, secs. 200, 201. Besides, the judgment of foreclosure referred to was paid and satisfied, was *functus officio*, long before the appellant commenced his tax foreclosure. *Webb v. Meloy*, 32 Wis. 319; *Mason v. Beach*, 55 id. 607; *Spencer v. Ex'rs of Harford*, 4 Wend. 381; 2 Jones on Mortg. secs. 951–3; *Aiken v. M. & St. P. R'y Co.* 37 Wis. 469; *Cole v. Edgerly*, 48 Me. 108; *Given v. Marr*, 27 id. 212; *Hunt v. Hunt*, 14 Pick. 383. Judgments of foreclosure, when not recorded, are not constructive notice to one not compelled to trace his title through such judgment. *Helms v. Chadbourne*, 45 Wis. 71. Nor was the possession of Dier notice to the appellant of the plaintiff's interest. The relation of vendor and vendee in a land contract is that of equitable mortgagee and mortgagor, while the vendee, as against all persons except the vendor, is regarded as the owner of the land. *Martin v. Scofield*, 41 Wis. 167; *Northrup v. Trask*, 39 id. 515; *Diggle v. Boulden*, 48 id. 477; *Button v. Schroyer*, 5 id. 598.

*George W. Foster*, for the respondent.

ORTON, J. The plaintiff, as administrator, became the owner of two mortgages for the use of and in trust for the estate of one Ormon Coe, deceased, by assignment from one Fellows, the mortgagee of one, and from his wife, the mortgagee of the other, given by one Herman and wife upon the premises in dispute, and obtained judgment of foreclosure thereof for the sum of $762.59, including costs and fees; and before sale Herman and wife deeded the land to Fellows,

and Fellows deeded the same to the plaintiff in fee, and the plaintiff went into possession thereof by his tenant, one Wilson, to whom he leased it for a short time, and then he contracted to sell the premises to one Dier for the sum of $800, to be paid thereafter; and a land contract was executed by him to Dier, providing for the execution of a deed in fee simple to him on full payment ($600 of which consideration still remains unpaid), and Dier went into full possession of the premises, and so continues, as tenant at sufferance of the plaintiff under said contract.

The defendant became the owner of two tax certificates upon the land, and proceeded to foreclose the same according to the statute, and made Fellows and others parties, but failed to make the said Dier and the plaintiff parties thereto, and obtained judgment of foreclosure. Thereafter the defendant, as plaintiff in said foreclosure suit, amended said proceedings by making said Dier a party thereto, and obtained judgment of foreclosure against him also. After said judgment the plaintiff redeemed the land from said taxes and certificates. The deed from Fellows to the plaintiff and the plaintiff's land contract with Dier were not recorded.

The prayer of the plaintiff is that the defendant either disclaim all right to the premises or release the same to the plaintiff, and for an injunction against the sale under his judgment of foreclosure. There was a *lis pendens* filed with the foreclosure of the two mortgages by the plaintiff, and the judgment of foreclosure was duly entered of record, and judgment roll filed, but the assignment of the mortgages to the plaintiff was not recorded.

This case is very voluminous on the record, and it was very fully and ably argued before this court, and many questions discussed which we do not consider material to its decision. The case on its merits rests really upon one main question, and that is, Was the plaintiff bound by the judgment of foreclosure of the tax certificates, not having been

Coe, Adm'r, etc. vs. Manseau.

made a party to the suit? The case is important in princi-
ple and somewhat complicated, but, after all, the simple
matter of difference between the parties is one of costs. It
is conceded that the plaintiff may redeem from the judg-
ment of foreclosure before the sale. He has redeemed from
the tax certificates regardless of the foreclosure.

The preliminary question, whether the plaintiff had the
right to bring this suit when he could have made himself a
party to the suit of foreclosure and resisted the judgment or
had the same vacated, will be first disposed of. I know of
no rule which requires the owner of the equity of redemp-
tion, not made a party to the suit of foreclosure, to ask leave
to become a party so as to secure his right to redeem. The
plaintiff redeemed the certificates after the judgment, and,
if he was not bound by the judgment, how could the judg-
ment obstruct his right to redeem? His right to bring this
suit depends upon that redemption and his right to redeem.
How could the plaintiff be bound to pay the costs of a suit
to which he was not made a party? By being made a party
at his own request after judgment, he might then be bound
to pay them. He did not choose to do so, but brings this
suit to prevent this threatened cloud upon his title, by a sale
under a judgment to which he was not a party, based upon
tax certificates which he has redeemed. His right to bring
such a suit has been established by the decisions of this court.
*State Bank v. Abbott*, 20 Wis. 570; *Maxon v. Ayers*, 28 Wis.
612; and other cases. *Platto v. Deuster*, 22 Wis. 482, and
*Endter v. Lennon*, 46 Wis. 299, cited by the learned counsel
of the appellant, were suits in equity in one court to enjoin
the execution of process issued by another court and not ap-
plicable to such a case as this.

The plaintiff relies somewhat upon the constructive notice
to the defendant of his interest in the land, by the filing of
*lis pendens* at the time of the foreclosure of the mortgages.
According to his own testimony, he took a deed in fee simple

of the mortgaged premises, after judgment of foreclosure, for the benefit of the estate, the same as if he had bought them at the foreclosure sale for such purpose; and he sold the land afterwards to Dier for more than the amount of the judgment, costs, and fees. The intention would seem to be clear that the land was so deeded in satisfaction of the mortgage, and there appears to be no good reason for keeping it alive, or preventing a merger of the mortgage in the higher title in fee, according to the equitable rule of merger. *Webb v. Meloy*, 32 Wis. 319; *Aiken v. M. & St. P. R'y Co.* 37 Wis. 469. The plaintiff must therefore rely upon his title in fee for his right of redemption of the outstanding tax certificates upon the land and to be made a party to the suit for their foreclosure.

It is contended by the learned counsel of the appellant that by the plaintiff's sale to Dier he parted with his interest in the land, and Dier became the owner and occupied the equitable relation of mortgagor to the plaintiff as mortgagee, and that making Dier a party was sufficient. If that is so, it ends the case. If he had no interest in the land so as to be a proper party to the foreclosure, he, of course, had no right to redeem from the tax certificates; and if he had made himself a party, he could not even redeem from the judgment. It is too clear for argument that the plaintiff was the owner in fee of the land, and that Dier had only an equitable interest in it; and his equitable relation to Dier, as the mortgagee, as a mere analogy to define their relation to each other, does not affect his legal title as to third persons. Nearly the whole of the consideration of Dier's purchase remains unpaid, with the interest thereon. If the whole had been paid, and Dier entitled to a deed, still, the plaintiff, as owner, most certainly could redeem the land from tax sales in order to convey to Dier a clear title by a warranty deed in fee according to his contract. This, then, being the attitude of the plaintiff and Dier, whether Dier

could have redeemed, or was a necessary or proper party to the suit of foreclosure, is immaterial. The plaintiff clearly had the right of redemption from tax sales made long before he contracted to sell to Dier, and was a proper party to the foreclosure; and the only question remaining is the important one in the case, whether the defendant, as plaintiff in the foreclosure suit, had notice of the plaintiff's interest, either constructive or actual, or is presumed to have had notice, so as to entitle him to be made a party to said suit in order to be foreclosed of his right to redeem the tax certificates.

The defendant had no constructive notice by registration of the plaintiff's title, and the circuit court found that he was not informed by any one of it; and we think that such finding was correct. When the defendant commenced his suit of foreclosure, Dier was in full, open, and notorious possession of the land under his contract. This was deemed by the defendant sufficient notice to himself of Dier's interest in it to make him a party, even by amendment of the judgment. Was Dier's possession notice, also, of the plaintiff's interest? Dier's possession was sufficient to put the defendant upon full inquiry as to his right; and he is presumed to have had actual notice of just the right he had, and the nature and extent of such right. That is undisputed. If the defendant had inquired into the full right and title of Dier, he must have been informed of the right and title of the plaintiff. The contract which Dier had and held as his only right to the possession even, the defendant must be presumed to have had full knowledge of by inquiry, and that contract would have made known the plaintiff's interest as owner of the fee. Before Dier purchased, the plaintiff was in possession by his tenant, Wilson. He might have been inquired of, also, concerning the real owner and the title of his landlord. We think, however, that the possession of Dier was sufficient actual notice to the defendant of

the plaintiff's interest and title to have required him to make the plaintiff a party to his suit of foreclosure, in order to foreclose his right of redemption of the tax certificates.

In *Wickes v. Lake*, 25 Wis. 71, the equitable owner left a person in the possession of the premises, who held no written authority, but had been employed verbally as lessee to take care of the land and cultivate and clear up portions of it, during his absence. Such possession was held sufficient to put a subsequent mortgagee upon inquiry of the equitable title, and notice to the mortgagee of its nature and extent, and he was held bound by it. The dissenting opinion of Chief Justice Dixon in that case does not dispute the doctrine that, when there is full, complete, and notorious possession, it is notice to all the world of the right upon which it is held; but he did not think the possession in that case sufficient. The question, whether the possession of the tenant is so far the possession of the landlord as to be notice of the landlord's interest or title, or is sufficient to put every one dealing with the title upon inquiry of it, which is in conflict, to some extent, in the courts of other states, is set at rest in the above case; and it is cited by Wade on the Law of Notice, as holding that the possession of the tenant is sufficient notice of the landlord's title; and it is so held in Pennsylvania, Illinois, Missouri, and some other states; and the doctrine is fully indorsed by the above author. Wade on Notice, § 286. It is said with great reason that, if inquiry is made of the actual occupant, not only his title, but the title under which he holds, will be disclosed by him. If one purchases the land, or prosecutes a suit directly affecting the title, without inquiry of the person in possession as to his right, it is regarded as a fraud and an act of bad faith, the punishment of which is to hold such person in equity by implication to a knowledge of such facts as he would have ascertained if he had inquired. *Wickes v. Lake, supra.*

It follows that the defendant, when he brought his suit of

foreclosure, must be held to have had notice of the title of the plaintiff, and should therefore have made him a party thereto. Failing to do so, he could not prevent, by his judgment, the plaintiff from redeeming the tax certificates as an incumbrance upon his land, or from asking for relief in a court of equity against a threatened cloud upon his title by a sale under his judgment. It is true that the defendant had no constructive notice of the plaintiff's title by registration, but he had a notice, by the possession of the plaintiff's tenant holding an equitable interest in such title, that the law by implication makes actual or express notice of the plaintiff's title; and that supersedes the necessity, and more than fulfils the purpose and accomplishes the object, of such constructive notice by registration.

The only purpose of registration, or of *lis pendens*, is to give a constructive notice to persons who become subsequently interested in the estate. Wade on Notice, § 97; *Boyd v. Weil*, 11 Wis. 58. A prior mortgagee, or other incumbrancer, has an interest paramount to the junior mortgagee, which cannot be affected by the foreclosure of the junior mortgage, and he is not a proper party thereto, and is under no obligations to redeem such mortgage. A mortgagor pledges only the interest he has in the premises, subject to all prior incumbrances, and a prior mortgagee can be no more affected by the foreclosure of the junior mortgage than the owner of the fee whose title is hostile and paramount to that of the mortgagor. This must be so, or the obligation of contracts might be impaired by registry laws, unless the registry laws have no effect in cases of fraud or bad faith.

Sec. 2241 of the Revised Statutes makes an unrecorded conveyance void only as to *subsequent* purchasers in *good faith;* and sec. 3187 (providing for the filing of a *lis pendens*, and its purpose and effect, and making all purchasers and incumbrancers whose conveyance or incumbrance is not re-

Coe, Adm'r, etc. vs. Manseau.

corded or filed, subsequent and bound by the proceedings the same as if parties thereto) gives effect to sec. 2241, by making a senior mortgage unrecorded subordinate and subject to a junior one first recorded; but the right of such junior mortgagee in this respect depends upon his *good faith*. These two sections are consistent with each other, and the construction contended for, that the element of bad faith cannot be made an exception in sec. 3187 because not expressed in it, would make them directly contradictory, and lead to this absurdity. A junior mortgage has no priority over a senior one unrecorded, unless made in good faith; but, in the foreclosure of such junior mortgage, it is given a priority over such unrecorded senior mortgage, whether made in good faith or not. Again, the foreclosure may go on to judgment, making the holder of a prior mortgage or title unrecorded, a party; but the purchaser at the sale will be governed by sec. 2241, and if he had notice of such prior interest by possession, or otherwise, his title is subject to it, for he is not a purchaser in good faith. *Hodson v. Treat*, 7 Wis. 263; *Hoppin v. Doty*, 25 Wis. 573.

In both sections registration is made constructive notice only. Where a mortgagee has actual notice of a prior or subsequent mortgage or title, he must make the holder of such mortgage or title a party to the foreclosure of his mortgage, or he will be guilty of a fraud, or an act of bad faith at least, and the statute was not made to shield him from its consequences. Suppose that A. was the agent of B. to draw and have executed to B. a deed in fee simple to certain land, and afterwards has the custody of such deed, and it is unrecorded, and A. takes a subsequent mortgage to himself from the grantor of B., and has it recorded, and, when due, commences a suit for its foreclosure, and files a *lis pendens* when B. is out of the country and has no actual notice whatever of the suit; may A. avail himself of sec. 3187 and not make B. a party, and yet foreclose his equity of redemption and

sell the land to an innocent purchaser under his judgment? This would be an astounding fraud on the part of A., and a court of equity would not sanction it, it may be said, and fraud vitiates everything. So it may be said when a mortgagee has actual notice of a prior unrecorded incumbrance or title in any case, and ignores it in a suit of foreclosure for the purpose of defeating it.

The possession of Dier was the possession of the plaintiff, and upon inquiry of him the defendant would have known of the plaintiff's title, and was therefore charged with such knowledge. The defendant did visit Dier in possession, and asked him only his name, and was careful to make no further inquiry. This was such a notice and a fraud as cured the non-registration of the plaintiff's deed, by the weight of authority sanctioned by the decisions of this court. *Knox v. Thompson*, 13 Am. Dec. 250, and note; *Baynard v. Norris*, 46 Am. Dec. 647; *Hodson v. Treat*, 7 Wis. 263; *Green v. Dixon*, 9 Wis. 532; *Zoegel v. Kuster*, 51 Wis. 31. The statute makes the foreclosure of tax certificates like unto the foreclosure of a mortgage, as to parties, etc. But there is no analogy between a tax certificate and a mortgage as to prior and subsequent incumbrances and titles. The tax certificate imports an absolute and paramount right against everybody, subject only to redemption, and it would seem that, in order to foreclose an equity of redemption of which the plaintiff had notice, the person having such equity should be made a party, notwithstanding the statutes relating to registration. But it is sufficient for this case that the defendant had notice, by the possession of Dier, of the plaintiff's title, and he should have been made a party.

The special findings of the court have not been particularly considered. The real matters in controversy have been disposed of by the application of principles and the construction of the statutes applicable thereto. Judgment was rendered for the relief demanded in the complaint; but as a

conclusion of law the court found that the defendant had notice of the plaintiff's interest by the proceedings of his foreclosure and the *lis pendens.* We think that such a conclusion is not supported, because of the merger of the plaintiff's mortgage interest in his legal title; but we are compelled to think, from the evidence and authorities, that the defendant had ample notice by the possession of Dier.

*By the Court.*— The judgment of the circuit court is affirmed.

LYON, J., took no part.