The Orient Ins. Co. vs. Sloan and others, imp.

THE ORIENT INSURANCE COMPANY, Respondent, vs. SLOAN and others, imp., Appellants.

*January 17 — January 31, 1888.*

*Injunction: Judgment in another court: Interpleader: Adverse claimants in another state: Jurisdiction.*

1. One circuit court in this state will not restrain the enforcement of a judgment, whether for legal or equitable relief, rendered in another circuit court.

2. In proceedings in an Illinois court, an insurance company was garnished on account of its liability on a policy to the principal debtors. During the pendency of the garnishment proceedings, the said debtors obtained judgment on the policy in an action previously commenced in the Winnebago circuit court in this state. Other parties claimed interests in said judgment by way of assignment or of lien thereon. The insurance company thereupon commenced an action in the Dodge circuit court in this state, setting up the above facts and praying that all parties be compelled to interplead concerning their claims, to the end that their rights might be finally determined, and that in the mean time they be restrained from taking proceedings against the company in relation to said policy, indebtedness, and judgment. A temporary injunction was issued. *Held*, that the temporary injunction should have been dissolved on motion; that the Dodge circuit court had no jurisdiction of the action; and that the complaint did not state a cause of action. Ample relief could be obtained by the company in the Winnebago circuit court in the action in which the judgment was rendered.

3. The fact that the Illinois parties would voluntarily appear in the Dodge circuit court, but would not appear in the Winnebago circuit court, cannot affect the question of jurisdiction as between those courts.

APPEAL from the Circuit Court for *Dodge* County.

This action was brought in the circuit court for Dodge county for the purpose of compelling the defendants to interplead and litigate between themselves which of them are entitled to receive the amount of a judgment for $1,000 recovered against the plaintiff by the defendants *Sloan* and

Corry, in the circuit court for Winnebago county in this state, on a policy of insurance issued by the plaintiff to *Sloan*. The defendants are adverse claimants of the proceeds of such judgment, or some portion thereof.

After stating certain garnishee proceedings by a Chicago bank, in the United States circuit court, against the plaintiff as garnishee of the defendant *Sloan*, commenced in 1883 and afterwards discontinued (which proceedings are immaterial to the questions raised by this appeal), the complaint proceeds to allege that on September 15, 1884, *Sloan* and Corry commenced an action against the plaintiff in the circuit court of Winnebago county in this state, on a policy of insurance issued by the plaintiff to *Sloan*, for $1,000, containing a stipulation that the loss, if any, should be paid to Corry as his interest might appear.   The insurance company answered the complaint in said action, denying the validity of the policy.

October 14, 1885, an attachment suit was brought by the defendants Gray, Burt, and Kingman, of Chicago, in the superior court of Cook county, Illinois, against the defendant Corry and another, in which action process of garnishment was issued against the present plaintiff, solely on account of Corry's interest in such policy of insurance.

December 9, 1885, Gray, Burt, and Kingman recovered judgment in such suit against Corry and the other debtor, which judgment remains in full force.

June 1, 1886, *Sloan* was made a party to the garnishee proceedings pending against the plaintiff in the superior court.   November 6, 1886, Gray, Burt, and Kingman commenced an action in the same superior court against the defendant *Sloan*, and process of garnishment was also issued against the plaintiff company in such action, on account solely of *Sloan's* interest in such policy of insurance.

The plaintiff appeared to both garnishee actions in the superior court, and answered " denying its liability as such

garnishee, and setting forth the facts relating to the issue of said policy of insurance, the rights of said parties under it, the loss occurring under it, and other facts bearing on the rights of all concerned." Whether the plaintiff answered the pendency of the action of *Sloan* and Corry in the circuit court of Winnebago county, Wisconsin, does not appear. Both of said garnishee proceedings are still pending and undetermined.

December 27, 1886, the plaintiff company moved, in the case of *Sloan* and Corry, in the Winnebago circuit court, for leave to file a supplemental answer in abatement of said action, setting forth the garnishment proceedings in the Illinois court and other facts going to show that the plaintiff was in danger of being compelled to twice pay the claim under the policy in suit. It also moved for leave to set up the same matter in bar of the action. Both motions were denied. It then moved for stay of proceedings until the determination of the garnishee proceedings. This was also denied. The cause was then tried, and the trial resulted in a verdict and judgment against the plaintiff for $1,000.

The complaint herein then alleges that on March 26, 1886, *Sloan* assigned all his rights and interest in the said policy and in the action against the plaintiff in Winnebago county, to the defendant *Kuechenbergh*, as collateral security for an indebtedness owing by him to the latter. It also alleges that the defendant *Bouck* claims an interest in the judgment by virtue of a lien for his services in the action as attorney for the plaintiffs therein.

The judgment demanded in the complaint herein is that the plaintiff be authorized to pay into court the amount of the judgment against it rendered in the Winnebago county circuit court as aforesaid; that each and all of the defendants be restrained by the temporary injunctional order of the court from taking proceedings in any court or place, or by means of any execution or otherwise, against the plaintiff

in relation to said policy, indebtedness, and judgment, pending the determination of this action; that they be in like manner permanently restrained by the judgment of this court herein; that the defendants be required to interplead concerning their claims to the proceeds of said judgment, to the end that their rights thereto may be finally adjusted and determined; and that upon payment thereof into court, with interest, the plaintiff company be discharged from all liability to any of the defendants in relation to the judgment of the circuit court of Winnebago county.

The defendants *Sloan*, *Bouck*, and *Kuechenbergh*, each interposed a demurrer to such complaint, stating as grounds thereof all the causes of demurrer authorized by the statute. They also joined in a motion to dissolve the injunctional order which had been theretofore made pursuant to the prayer of the complaint. The court overruled the demurrers, and denied the motion to dissolve the injunction, and from the respective orders in each behalf this appeal is taken, the parties stipulating that the orders might all be reviewed on this appeal.

*Gabe Bouck*, for the appellants.

For the respondent there was a brief by *Shepard & Shepard*, and oral argument by *Mr. C. E. Shepard*. They contended, *inter alia*, that the principle that the first court gaining jurisdiction of a fund holds it and other courts must yield, does not apply between courts of mutually foreign jurisdiction — because neither court has power to force the other to respect such principle. And if it did apply usually, the principle has been expressly repudiated by the supreme court of Illinois in a garnishment suit, under circumstances parallel with those in this case. *Allen v. Watt*, 79 Ill. 284. As illustrating and applying the general doctrine of interpleader to cases more or less analogous to this, they cited *Webster v. McDaniel*, 2 Del. Ch. 297; *Hastings v. Cropper*, 3 id. 166; *Badeau v. Rogers*, 2 Paige, 209;

*Roche v. R. I. Ins. Ass'n,* 2 Bradw. 364; *Hamilton v. Marks,* 5 De J. & S. 638; *Lozier v. Van Saun,* 3 N. J. Eq. 325; *Langston v. Boylston,* 2 Ves. Jr. 101; *Pennypacker's Appeal,* 57 Pa. St. 114; *School Dist. v. Weston,* 31 Mich. 85; *Spring v. S. C. Ins. Co.* 8 Wheat., 268; Adams' Eq. 202, *et seq.;* 3 Pom. Eq. secs. 1319–26.

LYON, J. Two questions are presented by this appeal: (1) Was the motion to dissolve the injunction properly denied? and (2) Were the demurrers to the complaint properly overruled? On the last question it will only be considered whether the circuit court of Dodge county has jurisdiction of this action, and whether a cause of action is stated in the complaint.

1. Was the motion to dissolve the injunction properly denied? The judgments of this court in *Wood v. Lake,* 13 Wis. 84; *Platto v. Deuster,* 22 Wis. 482; and *Endter v. Lennon,* 46 Wis. 299,— answer this question in the negative.

*Wood v. Lake* was an action brought in a court of this state to foreclose a mortgage. Afterwards an action was brought in the district court of the United States by a creditor of the mortgagee and plaintiff in the foreclosure action, in the nature of a creditor's suit, to which both the mortgagor and mortgagee were parties defendant, to enforce payment of the mortgage debt to the plaintiff in such creditor's suit. The defendant in the state court — the mortgagor — answered the pendency of the action in the United States court, in bar of further prosecution of the foreclosure action until the suit in the United States court should be determined, and asked for a stay of proceedings until that time. This court held that when the suit in one court is commenced prior to proceedings in attachment in a foreign court, such proceedings cannot arrest the suit, and applied to the case the maxim *qui prior est tempore potior est jure.* And it was said that this is especially true

when the court which had first obtained jurisdiction is clothed with ample power, and would, if asked, give to the plaintiffs in the second action the relief to which they might be entitled. The whole subject is very fully discussed by Dixon, C. J., in the opinion in that case, and many authorities are cited in support of the views there expressed.

In later cases this court has adopted this rule as applicable to actions pending in two of our own courts of co-ordinate jurisdiction. Those cases are in point here, and are conclusive of the question under consideration. Thus in *Platto v. Deuster*, 22 Wis. 482, it was held that the circuit court of Milwaukee county had no power to restrain the execution of a writ of assistance awarded upon a judgment of the county court of that county, they being courts of co-ordinate jurisdiction. In that case this court answered in the negative the question, Will an injunction issue from one of these courts upon a new suit commenced to restrain proceedings under a judgment in equity rendered in the other? In *Endter v. Lennon*, 46 Wis. 299, the rule was held still more broadly. It was there held that a suit in equity will not lie to enjoin the execution of process issued in another such suit, whether the second suit be brought in the same or another court, by a party or by a stranger to the first.

It is true that in the above cases the actions or proceedings sought to be restrained by another court were in equity. It was argued in this case that because the action in the Winnebago circuit court was at law, the rule of the above cases is not applicable. We think otherwise. The circuit court of Winnebago county has full equitable as well as legal jurisdiction. It can grant equitable relief against a judgment at law rendered by it as fully and amply as any other court can grant such relief. The whole reasoning of the court in support of the above rule applies

with as much force to a proceeding or judgment at law as to one in equity. No satisfactory reason has been suggested why any distinction should be made between the two cases, in this state, at least, where the distinction between actions at law and suits in equity is abolished. R. S., sec. 2600.

We conclude, therefore, that the motion to dissolve the injunction should have been granted.

2. Has the circuit court of Dodge county jurisdiction of this action? or, what amounts to the same thing, Does the complaint state facts constituting a cause of action in that court? The determination of the question on the injunction has a bearing upon this question, for without an injunction against the enforcement of the Winnebago county judgment the action in Dodge county may, probably will, be barren of results. Should that judgment be enforced, as it doubtless would be, a judgment in the Dodge county circuit court would be inoperative to protect the plaintiff company from a double payment. Indeed, having paid the amount of the Winnebago county judgment into court in this action, should the Illinois parties establish their right to it, the money would, we think, necessarily be awarded to them. Thus double payment would seem to be inevitable, unless the Dodge county circuit court should shape its orders and judgment with reference to the proceedings in the Winnebago court on its judgment. That such results would be probable, were the jurisdiction of the Dodge circuit court sustained, is a persuasive argument against its jurisdiction. As a matter of course, if that court has no jurisdiction of the action the complaint does not and cannot state a cause of action. Aside from the considerations just suggested, the question whether the complaint states a cause of action has been determined by this court in analogous cases. These are *Parish v. Marvin,* 15 Wis. 247;

*Fenske v. Kluender*, 61 Wis. 602, and *McDonald v. Allen*, 37 Wis. 108. In the first two of these cases it was held, on demurrer, that an action to review and reverse or annul a judgment of another court, if it can be maintained at all, must be brought in the court in which such judgment was rendered. For that reason a general demurrer to the complaint in each of those cases was sustained.

Those actions were in the nature of bills of review, while the present action, in one aspect, is in the nature of a bill of interpleader. Yet it has another aspect, which renders it analogous to a bill of review; for, if properly brought, it might result in annulling the judgment of the Winnebago circuit court in so far as it adjudges the fund in controversy to *Sloan* and Corry. No good reason is perceived why the rule of those cases should not be applied in this case.

In *Parish v. Marvin* and *Fenske v. Kluender*, it was left undetermined whether those actions could be maintained in the courts in which the judgments sought to be reviewed were recovered. But in *McDonald v. Allen* that question was resolved in the negative, as applied to a case in which the court rendering the judgment has power in the same action to give the relief sought in the independent action. In that case a sheriff filed a bill of interpleader against contesting claimants for money in his hands collected by him on an execution issued out of the same court in which the action of interpleader was commenced. A general demurrer to the complaint was sustained on the ground that, because the sheriff could relieve himself from responsibility by paying the money into court and making full return of the facts out of which the controversy arose, giving the claimants notice of what he had done, he could not maintain the action of interpleader. In such case the court has ample power, by a summary proceeding after judgment, to ascertain who is entitled to the money, and to order it paid

to the person who establishes his right thereto. See, also, *Allen v. Beekman*, 42 Wis. 185; *Wooster v. S. R. V. R. Co.* 57 Wis. 311.

In the present case the plaintiff company may pay the amount of the judgment against it into the Winnebago circuit court, and on a proper showing that court will grant a motion to bring before it all claimants of the fund; will determine, by appropriate procedure, who is entitled to it; and will order the money paid accordingly. If the Illinois creditors do not choose to contest their claim in such proceeding, the plaintiff, for its own protection, may show, if it can, that they are entitled to the fund by virtue of their garnishee proceedings in Illinois; and, if found so entitled, the court will order it paid to them, although they failed to appear. This would be done in the interest of the insurance company, to save it from the peril of liability to pay twice. In short, that court has as ample power over the whole subject in such a proceeding as any court would have in an action of interpleader.

We have no controversy with any of the cases cited by the learned counsel for plaintiff (one of these being the case of *Allen v. Watt*, 79 Ill. 284) to show that the Chicago creditors have obtained the first lien on the fund in controversy by their garnishee proceedings in the superior court. If they have obtained such lien, the circuit court of Winnebago county, if properly called upon to pass upon the question, will so hold. If they have not obtained such lien, the court will negative their right to the fund. In short, that court will decide the matter according to law, and so, presumably, will the courts of Illinois. If the plaintiff's case is properly presented to both courts, there is but little danger of a conflict of decision which will result in forcing the plaintiff to pay the same demand more than once. It is scarcely necessary to say that the fact stated by counsel, that the Illinois creditors who instituted the garnishee proceed-

ings there have or will appear voluntarily in the action in Dodge county, but will not do so in a proceeding in the Winnebago circuit court, has no significance in the case. Courts derive their jurisdiction of the subject matter of actions from the law, not from the whim or caprice of interested parties.

Each of the orders appealed from must be reversed, and the circuit court directed to dissolve the injunction and sustain the demurrers.

*By the Court.*— It is so ordered.