JACKSON MILLING COMPANY, Respondent, vs. SCOTT, De-
fendant: MALICK, Petitioner, Appellant.

*December 4, 1906—January 8, 1907.*

*Quieting title, by whom maintained: Practice: Address of petition:*
*Prayer: Judgments: Inequitable enforcement: Parties: Independ-*
*ent action.*

1. One who has sold and warranted the title to realty may maintain
   judicial proceedings to remove a cloud on such title or to pre-
   vent a cloud thereon.
2. The addressing of a petition filed in a cause to the circuit judge
   instead of the court is at most a harmless irregularity that can-
   not mislead any one, where the showing in the petition was ex-
   pressly to the court and the matter was treated as an applica-
   tion thereto.
3. In such case a prayer for a judgment, where strictly an order is
   the appropriate relief, is a harmless irregularity.
4. One not a party to an action in which a judgment has been ren-
   dered, who is interested in opposing the enforcement thereof,
   where such enforcement as to him would be unjust because the
   judgment has been paid or never had been a lien on or claim
   against any property of his, and where the judgment may be
   enforced, nevertheless, to his prejudice, as an existing indebt-
   edness, is so situated that he may apply by petition for relief
   in that action. He cannot bring an independent action in equity
   for such relief.
5. In such case the application for relief cannot be dismissed be-
   cause the applicant is not a party to the action. The proceed-
   ing is proper whether the applicant be a party to the action or
   a stranger.
6. In such case the expression "stranger" refers to one not a party
   to the action but interested, nevertheless, in preventing the en-
   forcement of the judgment, either at all, or in the way threat-
   ened or attempted.

APPEAL from orders of the circuit court for Portage county:
CHAS. M. WEBB, Circuit Judge. *Reversed.*

*J. P. Malick* petitioned the circuit court for Portage county,
in an action that had proceeded to judgment in such court en-
titled as follows, to wit: *Jackson Milling Company,* plaint-
iff, v. A. Scott, defendant, setting forth in substance as fol-

lows: May 25, 1897, plaintiff obtained judgment in the county court of Portage county for $360.47 and costs against defendant A. Scott. May 26, 1897, such judgment was duly transcripted to the circuit court for such county. May 28, 1897, it was likewise transcripted to the circuit court for Wood county. April 7, 1898, the petitioner became the owner of the N. W. ¼ of the N. W. ¼, and the S. ½ of the N. W. ¼ of section 1, town 25, range 5 east, in said Wood county, by a deed from A. M. Scott and the defendant, her husband, the deed being duly recorded thereafter in the office of the register of deeds of said county. The petitioner by warranty deed with full covenants, dated April 18, 1898, and thereafter duly recorded, conveyed the land to J. O. Foxen. July 27, 1895, George Hopper, the then owner of said land, conveyed the same to A. Scott by name, but the grantee in fact was the A. M. Scott before mentioned. April 20, 1898, the petitioner gave to the defendant his check for $700, the proceeds thereof to be used in paying said judgment and another, the aggregate of which was less than the amount of such check. On the same day the defendant drew the money on the check and paid to the plaintiff, its attorneys or agents the full amount due on the first-mentioned judgment, the plaintiff, its attorneys or agents agreeing to satisfy the same of record in Wood county and in Portage county. Such satisfaction has not been entered. The judgment has not only been fully paid, but it was never a lien on said land. Nevertheless plaintiff caused an execution to be issued thereon March 10, 1906, and placed in the hands of the sheriff of Wood county for collection, and he threatens to levy on and sell said land, and the petitioner fears that he will do so unless restrained therefrom by the court, and that such levy and sale, should the same occur, would damage the petitioner by reason of his covenants of warranty. The petitioner's grantee has demanded of the former that he save the latter harmless from such judgment and execution. The

petitioner fears that unless the plaintiff and the sheriff are restrained by the court from selling said land, he, the petitioner, will be damaged and the title to said lands will be clouded. The judgment is an apparent but not an actual lien on said land.

The petition was verified and thereon a temporary injunction was obtained from a court commissioner restraining the enforcement of the judgment against the land mentioned till the further order of the court. Such temporary injunction was prayed for in the petition, and a judgment was also prayed for setting aside the execution, declaring the land free from any lien of the judgment, declaring such judgment satisfied, and giving other relief. A bond was given by the petitioner to protect the plaintiff against loss in case the petitioner should not finally be found to be entitled to the relief prayed for. The petition was entitled in the action. It was in form addressed to the Hon. CHARLES M. WEBB, judge of the circuit court for Portage county. The opening lines thereof, following such address, were as follows: "The petition of *J. P. Malick,* of the city of Stevens Point, county of Portage and state of Wisconsin, respectfully shows unto the court." It was filed in the office of the clerk of such court. On motion thereafter such court vacated the injunctional order, and on a further motion to dismiss the petition and to strike the same from the files, and affidavit being presented on behalf of the plaintiff that only the temporary injunctional order and undertaking had been served on the plaintiff, an order was entered granting the motion to dismiss. No particular grounds therefor are stated in the order. In the motion these grounds were stated: (1) The petition does not state facts sufficient to entitle the petitioner to the relief prayed for; (2) the court has no jurisdiction of the subject matter of the petition; (3) the petition is improperly addressed; (4) no notice of motion on the petition was served on the defendant; (5) the petition improperly prayed for a judgment instead of

an order; (6) the petitioner has an adequate remedy at law; (7) the petitioner was not a party to the action. The petitioner appealed from both of the orders.

For the appellant the cause was submitted on the brief of *Hanna & Sicklesteel,* and for the respondent on that of *Gerhard M. Dahl* and *George B. Nelson.*

MARSHALL, J. If the petition is in accordance with the facts the judgment in this action has been paid and ought to have been satisfied. It is apparently a lien on the lands mentioned, breaching the covenant in appellant's deed to Foxen, and while it is not a lien in fact, respondent will, if not prevented in some judicial proceedings, treat the apparent lien as an actual incumbrance, necessarily, it would seem, to some extent prejudicing appellant. So although he is not a party to the action he is affected by the judgment, in that he is interested in having the facts established as to whether it has been paid or not, and in preventing its enforcement, especially against the land in question. So long as it stands it will be a menace to the title which he has covenanted to be free from incumbrances. That gives him sufficient standing in respect to the judgment to entitle him to the use of some judicial remedy to obtain a satisfaction thereof, if it has been paid, and in any event to have it declared not enforceable against the land mentioned. If it has not been paid it cannot be doubted but that Foxen could maintain an action to remove the cloud on his title created thereby and to prevent such title from being further clouded by proceedings to enforce it. It would seem to follow, necessarily, that appellant is entitled to a remedy for the same relief, since he must successfully defend his covenant or pay the damages caused by a breach thereof. The fact that the damages recoverable at law against appellant can only be nominal till Foxen shall have been compelled to pay the judgment as a valid claim against the land does not change the situation. The latter is entitled

to a judicial remedy to clear his title from the cloud thereon and to prevent a further cloud. Appellant would be a proper party thereto. In the proceedings he would be entitled to litigate with respondent the questions presented by the petition. Therefore, he must be entitled, on his own initiative, to a remedy against respondent. That would seem so on principle, but we have ample authority sustaining the proposition that he who has sold and warranted the title to realty may maintain judicial proceedings to remove a cloud on such title or to prevent a cloud thereon. *Ely v. Wilcox,* 26 Wis. 91; *Pier v. Fond du Lac Co.* 53 Wis. 421, 10 N. W. 686; *Hartford v. Chipman,* 21 Conn. 488, 499; *In re Phillips,* 60 N. Y. 16; *Sutliff v. Smith,* 58 Kan. 559, 562, 50 Pac. 455; *Jackson v. Kittle,* 34 W. Va. 207, 12 S. E. 484; *Remer v. Mackay,* 35 Fed. 86.

It does not seem that the dismissal of the petition can be justified because it was not addressed to the court instead of to the judge thereof. It is considered that the mere addressing of it to the judge was a harmless irregularity that could not have misled any one, since the showing in the petition was expressly to the court and the matter was treated as an application thereto. Nor do we think that the prayer for a judgment instead of an order is of any moment.

The dismissal cannot be justified because the petitioner was not a party to the action. That is not an open question. It is ruled by *Platto v. Deuster,* 22 Wis. 482; *Endter v. Lennon,* 46 Wis. 299, 50 N. W. 194; *Orient Ins. Co. v. Sloan,* 70 Wis. 611, 36 N. W. 388; *Stein v. Benedict,* 83 Wis. 603, 53 N. W. 891, and other cases. In such cases it is expressly said that a proceeding of this sort, whether by a party to the action or a stranger, is proper. Of course the expression as to a stranger refers to one not a party to the action but interested, nevertheless, in preventing the enforcement of the judgment, either at all, or in the way threatened or attempted.

The all-important question on this appeal is this: In a case where a person, not a party to an action in which a judgment has been rendered, is interested in preventing the enforcement thereof, and such enforcement as to him would be unjust because of the judgment having been paid or its never having been a lien or claim against any property of his, and it will be enforced, nevertheless, to his prejudice, as an existing indebtedness, may he apply by petition for relief in the action or must he bring an independent action in equity for relief? That no court has jurisdiction of the subject except the one in which the judgment was rendered, was decided in the cases referred to, but how about the court in which the judgment was rendered? Is that court powerless, in the limited sense of the term "jurisdiction," to give the person entitled to relief the use of its equity power in an action commenced by him?

As an original proposition it would seem that the last question should be answered in the negative. There is nothing in the Code, either expressly or inferentially, to the contrary, as we understand it, while its spirit and purpose is that, where there is a wrong which the law recognizes, to be redressed or to be prevented, as to any person, he shall have a judicial remedy to that end by the procedure which the written law indicates. There was a logical reason for holding that one circuit court does not possess jurisdiction to restrain the enforcement of a judgment rendered in another circuit court, but where the latter is called upon to deal with a judgment, as in this case, it is difficult to assign any good reason why there is a want of jurisdiction to do so by an independent action under our Code system, or why the court, if the remedy by petition is proper, should not at least have the right, in its discretion, to require the party to commence an independent action where the matter to be determined is so complicated that, in the judgment of the court, the subject can thereby be dealt with in a more orderly way than on petition in the

old action. It is not unlikely that if we were permitted to deal with the matter unhampered by previous decisions we might hold that the court in which a judgment has been rendered may so deal therewith, and that there is no question of jurisdiction, even in its most limited sense, involved in whether the court should be approached by petition or by action, especially none which would prevent its being approached in the latter way.

Notwithstanding what has been said, the practice to the contrary has been settled by a long line of decisions commencing with *Platto v. Deuster,* 22 Wis. 482, decided in 1868, and by affirmance thereof over and over again down to *Stein v. Benedict,* 83 Wis. 603, 53 N. W. 891, decided in 1892, where it was so strongly entrenched as to leave no opportunity whatever for the court to change its position without reversing that which has been as firmly established as anything could well be by judicial decisions. The rule as regards one circuit court restraining the enforcement of a judgment in another circuit court, by the cases referred to, applies with equal force where one circuit court by action is invoked to restrain the enforcement of a judgment by an independent action in the same court.

In *Endter v. Lennon,* 46 Wis. 299, 50 N. W. 194, it was said:

"One court of equity will not enjoin the process of another. One suit in equity will not lie to enjoin process issuing in another. The objection is fatal, whether the second suit be brought in the same or in another court, by a party or by a stranger to the first suit. The proper course by either party or stranger to the first suit is to apply by petition for relief in that suit."

In *Orient Ins. Co. v. Sloan,* 70 Wis. 611, 36 N. W. 388, it was said that the rule of *Endter v. Lennon, supra,* and similar cases is the same regardless of whether the judgment sought to be restrained is at law or in equity; and in *Stein v.*

*Benedict, supra,* where the relief sought was very compli-
cated, and the situation to be dealt with was one, ordinarily,
peculiarly within the field of equity by an independent action,
such an action was brought in the court where the judgment
sought to be restrained was entered, and the question of
whether that procedure was proper was raised by demurrer
upon the ground of want of jurisdiction to entertain the ac-
tion.   It was argued by able counsel, the objection was sus-
tained in the court below, and upon appeal the judgment after
mature deliberation was affirmed.   In deciding the case this
court said:

"The proper course is to apply by petition for relief in the
first suit.   The power of the court in which the first judg-
ment or decree has been rendered, to grant relief in cases like
this, is undoubted.   This has long since passed beyond the
field of discussion, and must be regarded as settled beyond
dispute. . . . The objection to the jurisdiction of the court
was sufficient to defeat the action. . . . Without consider-
ing whether the objection to the jurisdiction of the court may
not be raised on such demurrer [referring to a demurrer *ore
tenus*], or the court may not of its own motion act on the ob-
jection when not raised by a formal demurrer, . . . it must
be held that it was here properly presented, so that the court
might act on it and dismiss the complaint, upon which it
was plain no relief, according to the settled decisions of this
court, ought to be granted."

It should be noted that the term "jurisdiction" in this class
of cases is not used in its technical sense: that which would
render what is done void, but in the modified sense discussed
at length in *Harrigan v. Gilchrist,* 121 Wis. 127, 99 N. W.
909: in the sense that the practice is so firmly settled in re-
spect to the subject, and the confusion that would result from
departing from it would be so great and prejudicial, that the
court ought not to act contrary thereto whether objection is
made by counsel or not, though in case it should act the re-
sult would be a binding judicial determination till reversed
on appeal or set aside in some proper direct proceedings.

So we cannot well come to any other conclusion than that appellant took the only course open to him. True, there is a contrary indication in *Coe v. Manseau,* 62 Wis. 81, 22 N. W. 155, but the restrictions there put on *Platto v. Deuster, supra,* and *Endter v. Lennon, supra,* were not warranted by the facts and were clearly overruled in the subsequent ·cases we have ·cited. Though it seems that a trial court ought, at least, to be free to take the course which the learned court did in this ·case, the rule, as we have seen, is so firmly settled to the con-trary, that we must leave it to the legislature to change the practice, if it is to be done. It is better for the court to ad-here to a wrong rule of procedure, from an original stand-point, long established, which leaves parties a full remedy, than to change it by overruling decisions made from time to time during more than a quarter of a century.

It does not seem that any question was left that need be discussed on this appeal. The orders appealed from must be reversed.

*By the Court.*—So ordered.