PLESHEK, Respondent, vs. McDonell·and another, Appellants.

*December 8, 1906—January 8, 1907.*

*Judgments: Inequitable enforcement: Relief against execution: Independent action: Injunction.*

1. The right to prevent the inequitable enforcement of a judgment (by levy of an execution on the debtor's homestead and proceeding to sale thereunder) must be enforced by motion in the action in which the execution was issued. A separate action for such purpose cannot be maintained.
2. This rule applies where a circuit court is invoked to enjoin the enforcement of a judgment by an independent action in the same court. *Jackson M. Co. v. Scott, ante,* p. 267, followed.

APPEAL from a judgment of the circuit court for Shawano county: JOHN GOODLAND, Circuit Judge. *Reversed.*

This action was brought to restrain the sale of lands levied upon under an execution. An execution was issued upon a judgment obtained by defendant *Barth* against plaintiff. Plaintiff claimed and set up in his complaint that the property levied upon was his homestead and of less value than $5,000. The action was brought against defendant *Barth* and *McDonell,* sheriff, who levied under the execution. The complaint sets up facts showing that the real estate levied upon

was plaintiff's homestead, does not exceed the amount in value of $5,000, and that defendant *Barth* caused an execution to be issued and a levy made thereunder by defendant *McDonell*, sheriff of Shawano county, and notice of sale to be published; that judgment was not upon cause of action arising out of liability and debts upon liens, mortgages, or taxes, and that defendants threaten to sell the real estate so levied upon; and prays for an injunction restraining sale, and for general relief. The answer admits that plaintiff is owner of the premises levied upon, the issuance of execution, and levy and notice of sale, and denies other allegations of the complaint. The case was tried by the court and findings made in favor of plaintiff, and judgment ordered according to the prayer of the complaint. Judgment was entered accordingly, from which this appeal was taken.

For the appellants the cause was submitted on the brief of *Gerrit T. Thorn* and *Eberlein & Eberlein,* and for the respondent on that of *A. L. Schmitz.*

KERWIN, J. From the view we take of this case it will be unnecessary to consider the questions discussed by counsel. The action was improper under the decisions of this court. The plaintiff, if he had a right to prevent the enforcement of the execution against his property, should have proceeded by motion in the action in which the execution was issued to prevent the abusive use of the process of the court, and a separate action for such purpose cannot be maintained, since one circuit court cannot restrain the enforcement of a judgment in another circuit court; and this rule applies where one circuit court is invoked to restrain the enforcement of a judgment by an independent action in the same court. *Endter v. Lennon,* 46 Wis. 299, 50 N. W. 194; *Orient Ins. Co. v. Sloan,* 70 Wis. 611, 36 N. W. 388; *Stein v. Benedict,* 83 Wis. 603, 53 N. W. 891; *Jackson M. Co. v. Scott, ante,* p. 267, 110 N. W. 184. In the latter case this question has been fully

considered, and further discussion of it is unnecessary. This action is ruled by the foregoing cases in this court.

*By the Court.*—The judgment of the court below is reversed, and the cause remanded with instructions to dismiss the action.