YATES vs. YATES: PETITION OF ARTHUR W. YATES.
YATES, Respondent, vs. YATES and another, Appellants.

*April 11—May 1, 1914.*

*Divorce: Allowance for support of child: Trust agreement: Revision of judgment: Procedure: Independent action: Death of wife: Abatement of action: Appeal: Joinder.*

1. A provision in a divorce judgment for the support of a minor child may be revised or altered upon application to the court under sec. 2369, Stats., even though such provision was embodied in a trust agreement made between the parties whereby a trustee was vested with a trust fund to be devoted to such support, the agreement having been approved by the court and made a part of the judgment.

2. An independent action to annul that part of the divorce judgment because of circumstances which had arisen subsequent to its entry was wrong in practice and should have been dismissed for want of jurisdiction.

3. Death of the divorced wife and the situation created thereby warranted in this case a revision of the judgment and termination of the trust agreement, which contemplated that the child was to reside with the mother; but an application and an order for cancellation of that agreement should not have been based upon the ground that, through inadvertence, the agreement did not provide for its termination in the event of such death, nor upon the ground that, the death having occurred within a year after entry of the judgment, the divorce action abated.

4. Separate appeals should not be taken by parties who are united in interest so that they constitute really but one party, unless their interests can be better protected thereby.

APPEALS from a judgment and from an order of the circuit court for Milwaukee county: LAWRENCE W. HALSEY, Circuit Judge. *Judgment reversed; order modified and affirmed.*

In this case there are two appeals from a judgment of the circuit court in the action of Arthur W. Yates v. Georgia Marion Yates and another, and two appeals from an order entered in a special proceeding for modification or vacation of the judgment in Harriet D. Yates v. Arthur W. Yates as re-

gards the provision for the support of.the minor child of the parties.

The controversy in the action and that in the special proceeding were tried together.    The court found thus: February 13, 1911, an interlocutory decree of divorce was rendered in an action prosecuted by Harriet D. Yates against *Arthur W. Yates* wherein provision was made for the support of the former and *Georgia Marion Yates,* a minor child of the parties.    The provision for support was made by a trust agreement whereby the *First Savings & Trust Company* was vested with a trust fund to be devoted to such support, which agreement was made between the parties and approved by the court and made a part of the decree.    Such provision was in recognition of the duty of *Mr. Yates* to provide for the support of his divorced wife and the child.    There was no consideration for such agreement other than the accepted discharge of such duty.    The custody of the child was awarded Mrs. Yates which was the reason the trust agreement provided for support of such child.    The *Trust Company* accepted the trust and received into its possession the trust fund valued at $40,000. After the entry of the interlocutory decree, Mrs. Yates died leaving such child her only heir at law and to whom *Mr. Yates* quitclaimed any right he had, if any, to the estate of the mother.    After the death of Mrs. Yates, *Mr. Yates,* with the approval of *Georgia,* caused his sister to be appointed her guardian.    Thereafter, and before the commencement of this action, *Mr. Yates* remarried and became, and is, so circumstanced as to be able to furnish his daughter a suitable home in his family.    Thereupon her care was surrendered to him and she has ever since resided in his family.    There is no longer any necessity whatever for any further continuance of the trust agreement.    It was made in contemplation of the daughter, until her majority, residing with Mrs. Yates, which was rendered impossible by her decease.    A provision for the support of the daughter, independently of *Mr. Yates,* under the

changed circumstances, would be unwise. *Mr. Yates* received the form for the trust agreement while he was at a place distant from the place of business of his attorneys and signed it without appreciating that it did not contain any provision for its termination in case of the death of Mrs. Yates. It does not provide, as he supposed in signing it, that in case of the death of Mrs. Yates the custody of the daughter and responsibility for her support during her minority would devolve on him as matter of law. The court found: (1) The divorce action and all arrangements therein abated upon the death of Mrs. Yates. (2) If the trust agreement survived the death of Mrs. Yates it was a part of the interlocutory decree and is subject to revision as in case of a judgment in such an action as regards support of children. (3) The only consideration, as regards the trust agreement respecting the minor child having wholly failed by the death of Mrs. Yates and, by inadvertence, *Mr. Yates* having failed to provide for such a contingency, he is entitled to judicial assistance to avoid the trust.

Upon such facts judgment was entered in favor of *Mr. Yates* in his action to avoid the trust agreement, and an order was entered in the divorce action canceling such agreement and, in general effect, that such action abated by the death of Mrs. Yates within the year after entry of the judgment therein. The guardian *ad litem* and the trustee separately appealed from the judgment and also from the order.

The judgment in the divorce action was in due and absolute form dissolving the marriage contract between *Mr.* and Mrs. Yates, making a final division of property and providing for the support of the minor child in manner above indicated. There was nothing therein indicating that it was interlocutory in character. In form, it was a final closing of the litigation between the parties.

For the appellants there was a brief by *Charles E. Wild* and *Miller, Mack & Fairchild,* and oral argument by *S. J. McMahon.*

For the respondent the cause was submitted on the brief of *Flanders, Bottum, Fawsett & Bottum.*

MARSHALL, J.    Sec. 2364, Stats., provides for making such allowances as that in question.    Secs. 2367 and 2368 provide for requiring security for payment of such an allowance.    The trust agreement was only what the court might have required under the plain words of the statutes.    The fact that the matter was arranged by treaty and then approved by the court and made part of the decree of divorce did not change its character.    It was subject to revision by the court at any time during the minority of the child as changed conditions might require, and independently of the year period within which the court possessed authority under sec. 2374 of the Statutes to vacate or modify the decree.    Such section does not contain any express provision that such a judgment during such year period shall be interlocutory in the sense taken by the trial court.    As indicated in the statement, the decree of divorce was, in form, a final closing of the litigation between *Mr.* and Mrs. Yates.    The statute then, as now, contained these provisions:

"Such judgment, so far as it determines the status of the parties, shall not be effective, except for the purpose of an appeal to review the same, until the expiration of one year from the date of the entry of such judgment." . . .

"So far as said judgment determines the status of the parties the court shall have power to vacate or modify the same, for sufficient cause shown, upon its own motion, or upon the application of either party to the action, at any time within one year from the entry of such judgment.    But no such judgment shall be vacated or modified without the service of motion, or order to show cause on the divorce counsel, and on the parties to the action, if they be found.    If the judgment shall be vacated it shall restore the parties to the marital relation that existed before the entry of such judgment."

"Such judgment, or any provision of the same, may be reviewed by an appeal taken within one year from the date when

such judgment was entered. At the expiration of such year, such judgment shall become final and conclusive without further proceedings, unless an appeal be pending, or the court, for sufficient cause shown, upon its own motion, or upon the application of a party to the action, shall otherwise order before the expiration of said period. If an appeal be pending at the expiration of said year, such judgment shall not become final and conclusive until said appeal shall have been finally determined." Sec. 2374.

The record shows that the independent action was not instituted or prosecuted for any other purpose than to avoid the provision in the divorce judgment for support of the minor child. It proceeded from beginning to end, upon the theory that such judgment as to dissolution of the marriage contract and division and award of property to or for the benefit of Mrs. Yates, was not to be disturbed. The record also shows that there was no application in the divorce action to vacate the decree of divorce for cause or otherwise. The proceedings in such action, from the beginning to end, were for the sole purpose of annulling the provision of the decree for support of the minor child, and it was closed accordingly, leaving such decree as to the divorce, entirely undisturbed.

Thus it will be seen that the situation to be dealt with when the two proceedings were commenced, was very simple and covered by the plain words of the written law. Sec. 2369 of the Statutes provides for revising a provision of such a decree relating to support of children in these words:

"After a judgment providing for alimony or other allowance for the wife and children, or either of them, or for the appointment of trustees as aforesaid the court may, from time to time, on the petition of either of the parties, revise and alter such judgment respecting the amount of such alimony or allowance and the payment thereof, and also respecting the appropriation and payment of the principal and income of the property so held in trust, and may make any judgment respecting any of the said matters which such court might have made in the original action. But when a final

division of the property shall have been made under the provisions of section 2364 no other provisions shall be thereafter made for the wife."

That the condition created by the death of Mrs. Yates warranted an application in the divorce case to discharge the trustee and the court in granting it, is clear. The plain simple way thereto indicated by the statute should have been followed. There was no occasion for an application to cancel the trust agreement because it was executed by *Mr. Yates* without apprehending that it did not contain a provision for its termination in case of the death of Mrs. Yates. The statute amply provided for that contingency in the way of an application to the court for a revision of the judgment. There is nothing in the evidence or findings to show any ground for annulling such agreement upon the ground of mutual mistake or fraud,—nothing whatever. There was no basis for annulling it upon the ground, that by the death of Mrs. Yates the divorce action abated. The findings, judgment, and order so far as based on the theory of abatement, are erroneous.

There was no more reason for holding that the judgment abated as to provision for support of the child than as to any other part of it including the division of property. If it abated, no proceeding therein was proper in advance of its being revived. To treat the action as abated and the decree as to support of the child superseded on that account, and treat it as not abated as to all other matters was inconsistent. Thus the order appealed from, regarded as merely revisory can stand, but not otherwise.

Why was the independent action instituted? The purpose of it, as has been seen, was to vacate a part of the decree in the divorce action because of circumstances which had arisen subsequent to its entry. The sole way of dealing with such a matter is by petition in the action. It has been firmly settled that an independent action for such a purpose is so

wrong in practice as to be regarded jurisdictionally erroneous. *Platto v. Deuster,* 22 Wis. 482; *Endter v. Lennon,* 46 Wis. 299, 50 N. W. 194; *Orient Ins. Co. v. Sloan,* 70 Wis. 611, 36 N. W. 388; *Stein v. Benedict,* 83 Wis. 603, 610, 53 N. W. 891; *Jackson M. Co. v. Scott,* 130 Wis. 267, 110 N. W. 184; *Pleshek v. McDonell,* 130 Wis. 445, 110 N. W. 269; *Laun v. Kipp,* 155 Wis. 347, 145 N. W. 183.

So the court should have dismissed the independent action for want of jurisdiction, whether the point was raised by counsel or not, and this court must correct the mistake in not doing so by reversing the judgment on both appeals and remanding the cause with directions to dismiss with costs.

The general result is that there were two proceedings, made quite complicated, to reach a simple matter, which the statute plainly contemplates shall be dealt with by a mere petition in the divorce action. A very simple, comparatively inexpensive proceeding by motion, on a petition setting forth the facts, for an order revising the divorce decree as to the particular matter and terminating the trust, was all that was necessary. It is unfortunate that instead thereof two proceedings were resorted to, resulting in two large records and four appeals to this court. When it came to the appeal no reason is perceived why the trustee and the beneficiary did not join. The interests were the same. Separate appeals did not afford any better opportunity for protecting the interests of the beneficiary and the trustee, than one. They were united in interest and constituted really but one party. *Harrigan v. Gilchrist,* 121 Wis. 127, 449, 99 N. W. 909. In all such cases, the study should be to save needless expense.

*By the Court.*—The order appealed from is so modified as to be revisory only of the divorce decree as to the provision for support of *Georgia Marion Yates,* terminating the trust, and requiring an accounting and restitution by the trustee as provided in such order, and as so modified, affirmed on both appeals. The judgment appealed from is reversed, and

the cause remanded with directions to dismiss with costs. No costs will be allowed in this court to either party on the appeals from the order, but the appellant will pay the clerk's fees. On the reversal of the judgment one bill of costs will be allowed, the two appellants being regarded as one party.