DUNN, Respondent, vs. DUNN, Appellant.*

*December 4, 1950—January 9, 1951.*

* Motion for rehearing denied, with $25 costs, on April 3, 1951.

For the appellant there was a brief by *William J. Morgan,* attorney, and *Morgan & Berkwich* of counsel, all of Milwaukee, and oral argument by *William J. Morgan.*

For the respondent there was a brief by *Vincent McNamara,* and oral argument by *Vincent McNamara* and *Dan R. McNamara,* both of Montello.

BROWN, J.  Several of appellant's contentions may be quickly disposed of.  After the original judgment and before the present one the elder son became twenty-one years of age and died.  We regard all questions concerning his custody as moot.

Appellant submits that the support allowance for the younger son, $1,500 for less than two years of prospective support, is excessive.  We are not able to agree, in the absence of testimony concerning the need of the son and the resources of the father.  For lack of a bill of exceptions we must presume the evidence would sustain the award.  The same answer must be made to appellant's argument that the property division is excessively favorable to the wife.  Appellant argues that she is given his entire property but the complaint alleges . that he owns real estate in Illinois and his answer admits he has an interest in such property.  The pleadings themselves refute the argument and appellant is here without evidence to contradict them or to impeach the findings.

Appellant also submits that the plaintiff should have proceeded by petition or motion in the original action.  By answering to the merits and joining in the plaintiff's prayer to open and modify the judgment, defendant did all that man could do to recognize the jurisdiction of the trial court, but he now asserts that the procedure of bringing an independent action was so radically wrong that the court should have dismissed the suit for want of jurisdiction.  In this he relies upon *Yates v. Yates* (1914), 157 Wis. 219, 147 N. W. 60, which dealt with the provisions of a judgment concerning the support of a minor.  If custody and support were the only questions to be considered here the present case would be ruled by the *Yates* decision, for in such respects the original action remains open during the minority of an affected child for revision as changed conditions may require.  It is otherwise

with the part of the judgment disposing of property. After the time has expired when the court can modify its judgment or appeal be taken, those provisions are no longer open and can be reached only by an attack on the judgment itself. The instant case presents not only a property division which has become fixed but also allegations of fraud and duress, thus injecting elements which the *Yates* opinion noted as absent. Finally, the mortgagee was not a party to the first action but the complaint proposes to invalidate the mortgage. While he might have been brought in upon a motion to review and amend the previous decree because procured by fraud, we see no reason to reject on jurisdictional grounds a complaint which substantially is the equivalent of the old bill in equity.

49 C.J.S., Judgments, p. 690, sec. 341. "Equitable relief against a judgment, although not regarded with favor by the courts, may nevertheless be had where sufficient grounds appear; and under some circumstances the remedy in equity is exclusive.

"On a showing of proper circumstances, and when required by the ends of justice, appropriate relief against a judgment may be had in equity, the power of equity in this connection being inherent, and existing irrespective of any statute authorizing such relief. A bill attacking a judgment is not regarded with favor by the courts, and will lie only in exceptional cases. Such relief may be had, not of right, but in the exercise of a sound legal discretion, and each case must stand on its own peculiar merits."

49 C.J.S., Judgments, p. 732, sec. 371. "A judgment may be attacked in equity on the ground of duress, although entered pursuant to ostensible agreement or consent of the parties. . . ."

We should say that an attack in equity upon a judgment on the ground that the party was coerced in her pleadings and evidence can seldom prevail because of the opportunity the party ordinarily has to apply to her attorney or to the court for protection while the litigation is pending. While we think it very nearly impossible for a party to persuade courts to

extend equitable relief under such circumstances, we cannot hold that it is absolutely so and, lacking a bill of exceptions, we must presume that the evidence here satisfied the trial court, and would satisfy us, that the effect of the coercion persisted and prevented Mrs. Dunn from making a disclosure of the duress before the entry of the first decree. The matter must rest in the court's sound discretion and appellant presents no record on which the exercise of discretion can be attacked. We conclude that the action is not to be dismissed for want of equitable jurisdiction.

Appellant submits that it was reversible error for the court to try the action without a jury when there was an issue of his adultery, even though the trial court did not find adultery had been committed. Sec. 270.07, Stats., directs a jury trial when divorce is sought on the ground of adultery but provides that the right may be waived by the failure of a party to appear at the trial, or by his written consent filed with the court, or by consent in open court entered in the minutes. These provisions are certainly for the protection of the party against whom the charge is made and no other purpose occurs to us.

The protection may be waived by conduct manifesting consent to a trial by the court. When the defendant and his attorney proceeded to try the case to the court such consent was given. The appeal, without a bill of exceptions to bring us the minutes of the court, leaves appellant subject to the presumption that the minutes would show the consent duly entered.

Appellant finally protests the allowance of fees and disbursements to one Robert Lee, who appeared for and tried the action, as an attorney at law, in behalf of the plaintiff and who, with other counsel, submitted a brief for her on the appeal. Upon the argument it was established that he has not been licensed to practice in Wisconsin and has been disbarred elsewhere. We ordered his name struck from the brief forthwith. If he cannot practice law in Wisconsin of course a state

court cannot give him compensation for doing so. Accordingly, we reverse that part of the judgment which allows fees and disbursements to him. In other respects the judgment is affirmed.

*By the Court.*—Judgment modified by denying to Robert Lee the attorney's fees and disbursements there allowed him, and as so modified, affirmed. Costs allowed to respondent.